Richards, J.
The plaintiff, Jeanette E. Shaw, commenced an action in the court of common pleas against Frederick A. Shaw, praying for a divorce and alimony, making The Wood County Savings Bank Company and The H. J. Heinz Company defendants, and asking an injunction against them. This petition was met by a demurrer based on the grounds that the court had no jurisdiction of the subject-matter and that the petition did not state facts sufficient to constitute a cause of action. *217 The common pleas court, on consideration, sustáined this demurrer and dismissed the plaintiff’s petition, to which action of the court this proceeding in error is brought.
The judgment rendered in the court of common pleas is evidently based on the contention that the action is not one for alimony alone and that it appears from the petition that the plaintiff at the time of filing the same had not been a resident of the state of Ohio for the period of one year before the filing thereof.
The pertinent provisions of Section 11980, General Code, as amended 106 Ohio Laws, 339, which control the question, are as follows:
“Except in an action for alimony alone, the plaintiff must have been a resident of the state at least one year before filing the petition. Actions for divorce or for alimony shall be brought in the county of which the plaintiff is and has been for at least thirty days immediately preceding the filing of the petition, a bona fide resident or in the county where the cause of action arose.”
It appears from the petition in this case that the plaintiff had been at the time of filing her petition a resident of Wood county for more than thirty days immediately preceding the filing of the petition, and that the cause of action arose therein, but it also 'appears that she had not been a resident of the state of Ohio for one year before the filing of such petition. An examination of the petition discloses that it contains no averments other than those which are appropriate to set forth a cause of action for alimony alone, but that in *218 'the prayer the plaintiff asks for alimony, an injunction and a divorce.
It is perfectly manifest 'that 'the petition is wholly •insufficient as one for divorce, for the reason that it appears therein that the plaintiff had not been a resident of the state for the period named in the statute as a prerequisite to the right of filing such a petition. If we are to read and give due weight to every allegation in the petition, and also to the language of the prayer, there is but one cause of action set forth, to-wit, that for alimony. If we are to treat the prayer for divorce as mere surplusage there still remains a good petition for alimony, and a petition containing no averment inappropriate therefor.
A general demurrer to a petition should not be sustained because the prayer of the petition is broader than is justified by the law or warranted by the facts pleaded. In any aspect the petition must in law be regarded as one for alimony alone, •the prayer for injunction being a mere incident thereto.
It follows that the judgment rendered in the court of common pleas must be reversed and the cause remanded with directions to overrule the demurrer to the petition.

Judgment reversed, and cause remanded.

Chittenden and Kinkade, JJ., concur.