**SHORT, Plaintiff-Appellee, v. SHORT, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22117.   Decided March 19, 1951.

Gassoway, Collum & Tyler, Cleveland, for plaintiff-appellee.
Martin & Martin, Cleveland, for defendant-appellant.

(DOYLE, J, of the 9th District sitting in place of McNAMEE, J.)

50

## OPINION

By DOYLE, J:

This case was originally commenced by the filing of a petition for divorce by Sadie Short, against her husband, William T. Short. An answer and cross-petition was then filed by the defendant husband. Each prayed for a divorce and an award of alimony. Pursuant to trial judgment was entered granting a divorce to the plaintiff wife, coupled with a division of property by way of alimony. After term, the judgment was duly vacated upon a showing that the plaintiff at the time of her marriage to the defendant was bound by matrimonial ties to a living undivorced husband, and was therefore unmarriageable. The defendant husband then amended his answer and cross-petition and sought an annulment of the meretricious union and prayed "for the awarding of the property referred to and described in the original cross-petition to him * * *."

In a second amended cross-petition defendant described three parcels of real property, the title to which he alleged "he placed * * * in himself jointly with said plaintiff" for the "purpose of providing a homestead for himself and her, as his wife and to render as husband and wife their economic status more secure." The pleading then renewed the prayer of the original cross-petition in which he asked for alimony

and specifically inter alia asked that "the plaintiff be required to convey all of said interests in said property to the defendant by a good and sufficient warranty deed * * * and in default thereof that * * *(the) decree operate as such conveyance."

He further asked for an annulment of the union, an accounting of money received from rentals and from other sources which he claimed should be awarded to him. He concluded the pleading by asking "that he may have all such other and further relief necessary and proper in law and equity in the premises."

The plaintiff answered the cross-petition as amended and among other things, pleaded a joint agreement to purchase the property and that "this property is now completely paid for * * * all through the efforts and frugality of the plaintiff." She further prayed that "the rights of the parties herein be equitably adjusted * * * and for all such other and further relief as is necessary and proper in the premises."

On the pleadings so filed, the case came on for trial in the Court of Common Pleas of Cuyahoga County and at the conclusion thereof, the court annulled the marriage and awarded one parcel of real property to the plaintiff, Sadie Short, but decreed that "the defendant has an equity of One Thousand Dollars ($1000.00) in (it) * * * which plaintiff may pay off at the rate of twenty-five ($25.00) dollars per month." The court further awarded two other parcels of real property to the defendant, William T. Short, and to the plaintiff Sadie Short was also awarded "all of the household goods."

It must be observed from the foregoing that the court in granting a so-called equitable relief, in truth and fact divided and awarded the property in the nature of an award of alimony.

In this state, divorce and alimony are prescribed only by statute, and alimony is a legal right which attaches only to a valid marriage. So, when a marriage has been declared void from its very inception by way of an annulment, neither party to the action has a right to an award of alimony.

In actions of this nature, the status of the parties established by the decree relates back to the time of the contract of marriage and is based upon facts existing at the time of the marriage. A lack of capacity of one or both of the parties to contract marriage renders a ceremonial marriage void ab initio and creates only a meretricious relation and not a matrimonial status.

The rights of the respective litigants to the property in question are only such as attach to persons in an individual capacity and are not the rights which attach to a husband

and wife. In a proper proceeding and under proper pleadings the rights of the litigants to the various properties may be litigated but under the pleadings before us no such relief can be granted even under a general prayer for "equitable relief."

That part of the judgment decreeing an annulment will be affirmed, and the balance of the judgment awarding the property, both real and personal, will be reversed and final judgment entered denying an adjudication of the property rights of each of the litigants.

Affirmed in part and reversed in part. Exceptions. Order see journal.

SKEEL, PJ, HURD, J, concur.