**LAMPE, a Minor, Plaintiff, v. LAMPE, Defendant.**

Common Pleas Court, Erie County.

No. 28969. Decided August 12, 1954.

Ralph Pissano, Huron, for plaintiff.
Flynn, Py & Kruse, Sandusky, for defendant.

**OPINION**

By McCRYSTAL, J.

The plaintiff, a resident of Erie County, filed an annulment action against the defendant, a resident of the State of Michigan. Proper service was had on the defendant, who in turn, filed an answer and cross-petition for divorce. Plaintiff demurred to the cross-petition, on the ground that this Court had no jurisdiction of the divorce case as filed.

The filing of the demurrer presents the following issues, before the Court—

"In an action for annulment of marriage properly brought in Ohio,

where the plaintiff has been a resident for over one year prior to the filing of the petition, may the nonresident defendant cross-petition for divorce without establishing her residence in the County and State."

Counsel for both parties and the Court have been unable to find any direct precedent, for the question, either in Ohio or elsewhere.

It would appear therefore, that the issue involved contains two other questions that must first be answered.

The first question presented is:—

Can a resident defendant cross-petition for divorce in an annulment action in Ohio? Authorities on this question are found wanting in Ohio. Outside of Ohio, only three cases have been found deciding this question. In each of these cases it has been held proper in a suit for annulment of a marriage for the defendant to file a cross-petition for divorce.

Wadsworth v. Wadsworth, 81 Cal. 182, 22 Pac. 648.

Sodini v. Sodini, 94 Minn. 301, 102 N. W. 861.

Simpson v. Simpson, 162 Va. 621, 175 S. E. n 320.

See also, 17 Am. Jur. 316; 9 R. C. L. 424.

In **Duncan v. Duncan 88 Oh Ap 243**, the Court of Appeals for Lorain County, made the following statement—

"An action for the annulment of a ceremonial marriage may be asserted by way of cross-petition to an action for divorce."

While it appears from the briefs of counsel in the Duncan case, this question was not raised as an issue, and while the opinion of the Court does not enlarge upon the statement, the statement itself is significant in that the Court found nothing inconsistent with an annulment action being joined with a cross-petition for divorce.

The same procedure was permitted in **Short v. Short, 61 Abs 49**, but again, it appears from the opinion that the issue was not raised.

In the case of **Smith v. Smith, 72 Oh Ap 203**, the defendant filed a cross-petition for divorce. This procedure is the same as the instant case, except that in the Smith case the defendant was a resident of Ohio, but from the opinion of the Court of Appeals, it would appear that there was no objection made to the joining of the two actions in the same suit.

It would appear that an action for annulment and an action for divorce and alimony can be joined by way of cross-petition in Ohio, and that a Court taking jurisdiction of one of the two actions, has jurisdiction over the other, when presented by way of cross-petition, assuming of course that the defendant who cross-petitions is a resident of the State of Ohio.

The second question that enters into this demurrer is whether a nonresident defendant may file a cross-petition for divorce in Ohio, when he has been sued for divorce or alimony by the plaintiff. On this precise question there is ample law in Ohio, holding that a nonresident may cross-petition for divorce in a divorce and alimony action.

Ferguson v. Ferguson, O. N. P. (N. S.) 679; Barggill v. Barggill, 19 O. N. P. 120.

See also 89 A. L. R. 1203.

This brings us to the precise question of the demurrer, as to whether

124

or not a nonresident may cross-petition for divorce in an annulment action.

It would appear to the Court, that since a nonresident defendant can come into this State and cross-petition for a divorce, in a divorce action, that there is no logical reason why that same nonresident defendant cannot cross-petition for divorce in an annulment action properly brought in Ohio. Any reason prohibiting such procedure, would be highly technical indeed, and would be contrary to the accepted principles that whenever possible a Court will retain jurisdiction as to the subject matter of an action until it is fully adjudicated, and that the Courts will, whenever possible, prevent parties from being forced to file multiple law suits to obtain their relief.

This Court is of the opinion that it has jurisdiction to entertain the cross-petition for divorce filed in the instant case, and hence the demurrer of the plaintiff is overruled.