**PAYER, Plaintiff-Appellant, v. PAYER, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23653.   Decided April 18, 1956.

Orgill, Klein, Loux & Wickham, for plaintiff-appellant.
Roudebush, Adrion, Sandorn, Brown & Corlett, for defendant-appellee.

(STEVENS, PJ, HUNSICKER and DOYLE, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, J:

This is an appeal on questions of law from a judgment for alimony and for support of children, rendered by the Common Pleas Court of Cuyahoga County on the cross-petition of the appellee herein, Lida Florence Creamer Payer, the wife of the appellant, Franklin Lee Payer.

On October 16, 1950, Mr. Payer filed his action for divorce in Cuyahoga County, Ohio, and obtained service on Mrs. Payer by publication. On December 21, 1950, Mrs. Payer filed her answer to the petition, and on April 21, 1952, an amended answer. On January 14, 1953, Mrs. Payer's second amended answer was filed. On May 15, 1953, Mr. Payer filed an amended petition, and again service was made on Mrs. Payer by publication. On July 6, 1953, Mrs. Payer filed an answer and cross-petition to the amended petition, and obtained personal service on Mr. Payer.

On November 20, 1954, Mr. Payer dismissed his "petition" for divorce, without prejudice. He may have intended to dismiss his amended petition, but the journal entry does not so designate and consequently the amended petition remained as a pleading in the case.

On May 20, 1955, Mr. Payer filed an amended answer to the cross-petition of Mrs. Payer, and on May 24, 1955, a reply to the amended answer was filed.

On August 9, 1955, Mr. Payer filed an amended answer to the cross-petition, and Mrs. Payer filed her reply thereto.

On August 13, 1955, after trial, at which Mr. Payer was represented by counsel although not personally present, a judgment was entered in favor of Mrs. Payer on her cross-petition.

Mr. Payer says the trial court committed prejudicial error in awarding a judgment to Mrs. Payer, and sets out eleven assignments of error, one of which assignments, at the time of oral argument to this court, was withdrawn.

We have examined all of these assignments of error, and we believe that only the first and second of such assignments merit any discussion in this opinion. These assignments are as follows:

"First: The Court erred in finding that the plaintiff had been a resident of the County of Cuyahoga for more than one year prior to the filing of the original petition for divorce on October 16, 1950.

"Second: The Court erred in retaining jurisdiction of the claims of the defendant and the subject matter of the suit, and in failing to dismiss the defendant's cross-petition for lack of jurisdiction by reason of a failure of proof of residential requirements."

Mrs. Payer was a resident of the state of California. Counsel for Mr. Payer insist that it was necessary for Mrs. Payer to prove every material allegation of the cross-petition, including the jurisdictional fact as to the residence of Mr. Payer in Cuyahoga County, Ohio, in order for her to be awarded a judgment on the cross-petition.

Counsel for Mr. Payer do say, however, that they are making no claim that Mrs. Payer (even after the dismissal of the "petition" for divorce as filed by Mr. Payer), could not proceed with her cross-petition; but they insist that the court would have no jurisdiction to consider such cross-petition unless the jurisdictional facts were proved.

The original petition of Mr. Payer and the amended petition thereafter filed stated that "Franklin Lee Payer, plaintiff, * * * says that he is and has been for more than one (1) year last past an actual and bona fide resident of Cuyahoga County and the State of Ohio * * *." These petitions were sworn to positively by Mr. Payer. The answer and amended answers filed by Mrs. Payer admitted the allegation as to residence as claimed by Mr. Payer. The cross-petition of Mrs. Payer, which is a part of her answer to the amended petition, did not set forth any statement as to residence of either Mr. or Mrs. Payer.

There is testimony in the bill of exceptions and an affidavit filed by counsel for Mr. Payer that, at the time of the trial, Mr. Payer claimed to be a resident of Las Vegas, Nevada, where he had an action pending for divorce from Mrs. Payer. There is also testimony by Mrs. Payer that Mr. Payer was a resident of Cleveland, Ohio, and that he was listed in the telephone directory as living at the Berkshire Apartments in Cleveland, Cuyahoga County, Ohio. His counsel, upon interrogation during the trial, said in a professional statement to the court that Mr. Payer had been out of the city (of Cleveland) about a year.

Thus, by the statement of counsel for Mr. Payer, the inference is that he was a resident of Cuyahoga County, Ohio, at the time he filed his petition, and remained such a resident until long after service of summons was served upon him personally upon the cross-petition which Mrs. Payer filed in this action.

As further evidence of the residence of Mr. Payer, he testified in December, 1951, at the trial of an action brought against him by the mother of Mrs. Payer (which testimony by stipulation was made a part of the trial herein in the Common Pleas Court), that he lived in Cleveland, Ohio. This testimony was thus given more than a year after the petition was filed and more than a year before the amended petition of May 15, 1953, was filed.

We think the natural inference to be drawn from this evidence is that he was a bona fide resident of Cuyahoga County, Ohio, during all of the time when this action was pending in the trial court.

We think there was sufficient positive evidence before the court to find that Mr. Payer was a bona fide resident of Cuyahoga County, Ohio, at the time he brought his wife within the jurisdiction of the court of that county.

The admission made in the amended petition to which the cross-petition herein was filed, was properly before the court, for such amended petition was a part of this case. It was not necessary that this pleading be introduced in evidence; it was a part of the action, and the trial court could consider the allegation as to residence in connection with the admission as to residence contained in the cross-petition.

Proof as to the residential requirement of Mr. Payer having been

established, it was proper thereafter for her to proceed to the merits of her cross-petition for alimony, custody, support of minor children, and related matters therein contained. See: 89 A. L. R. 1209, and authorities there cited.

We find no error prejudicial to the rights of Mr. Payer in the matter of proof of residence, or in the proceedings by the trial court thereafter as to the merits of the case.

We have examined all the claimed errors, and find none prejudicial to the substantial rights of the appellant.

Judgment affirmed.

STEVENS, PJ, DOYLE, J, concur.