DOTY, EXR., APPELLANT, *v.* PETERS, APPELLEE.
DOTY, EXR., APPELLANT, *v.* MARTIN ET AL., APPELLEES.

(Nos. 231 and 232—Decided July 11, 1958.)

*Messrs. Jackman, Nichols & Grubbs* and *Mr. Ralph W. Lucas,* for appellant.

*Mr. Gilbert Kirby,* for appellees.

CRAWFORD, J. These two cases are appealed on questions of law from judgments for the defendants, entered by the Court of Common Pleas upon motions of the defendants at the conclusion of plaintiff's opening statement. Both cases were brought by the same plaintiff, as executor, against different devisees. Each petition contained two causes of action, one upon an express contract, the other for a separate claim upon *quantum meruit.* By agreement both cases were consolidated for trial by the court, a jury having been waived. The facts in the two cases are similar and the questions identical.

The action of the court in dismissing the two causes of action, the second specifically, and the first indirectly, and entering judgment for the respective defendants, is assigned as error in several respects, which are unnecessary to consider separately.

In the final entry, the court sustained defendants' motions for judgments and granted judgments against the plaintiff and for the defendants "for the costs." We gather from the entire record that these are intended to be full, complete and final judgments.

The essential question is whether plaintiff, in his pleading and opening statement, aided by certain stipulations of fact, has set forth causes of action. We must, therefore, accept these facts in determining this question.

Plaintiff, Boyd P. Doty, is executor under the will of Mary S. Lombard, deceased, having been appointed as such by the Probate Court of Madison County. The will of decedent specifically devised one parcel of real estate to the defendant Ann Converse Peters, and another to defendant Helen Martin, and to Frank Martin, now deceased.

After the probate of the will and appointment of the executor, one Eli E. Kimmel, of Los Angeles, California, who was not a beneficiary under the will, appeared on the scene and made an election in the Probate Court to take his rights as surviving spouse under the statute of descent and distribution and contrary to the will.

Kimmel filed an exception to the inventory and appraisement in the Probate Court because of the failure to set off to him as surviving spouse the property exempt from administration. The objection was overruled by the Probate Court. This decision was appealed by Kimmel to the Court of Appeals and to the Supreme Court, the Court of Appeals affirming the decision of the Probate Court, and the Supreme Court overruling a motion to certify the record. Plaintiff was the sole defendant in these proceedings.

Thereafter, Kimmel filed a petition in the Court of Common Pleas of Franklin County, Ohio, Division of Domestic Relations, in the same case wherein the decedent, Mary S. Lombard, had obtained a decree of divorce from him. His petition asked that the divorce decree be vacated and set aside as void for alleged irregularities and defects. In that petition, Kimmel named the plaintiff executor as sole defendant.

Thereafter, Kimmel filed suit in the United States District Court for the Southern District of Ohio, Eastern Division, naming as defendants plaintiff Boyd P. Doty, both as executor and individually, and various legatees and devisees, including the defendants, seeking to enjoin distribution under the will.

Plaintiff advised the defendants of these proceedings, and of his opinion as an attorney and of the opinion of his counsel, after careful investigation of the facts, that there was serious danger that Kimmel might succeed in establishing fatal defects in the divorce decree, and informed them of the grave consequences to all beneficiaries under the will, including the defendant devisees of specific real estate, if Kimmel were successful in thus establishing his status as surviving spouse of Mary A. Lombard, deceased.

Plaintiff further advised defendants and the other beneficiaries under the will that as executor he was only a nominal defendant in these cases and that they themselves were primarily concerned in the litigation and must decide what course to take regarding it.

Plaintiff explained to them that he would not participate in the litigation as fiduciary of the estate against their wishes, but offered, if they so desired, to carry on the litigation in their behalf. The defendants and other beneficiaries expressed their

desire that he do so; and he, with the help of counsel retained by him, did undertake their defense, "on behalf of the estate and said beneficiaries."

Plaintiff kept all the beneficiaries, including defendants, and their own attorneys, advised of the progress of the Kimmel litigation and the imminent danger of Kimmel being successful because of lack of evidence to combat his contentions. The defendants at no time asked plaintiff to discontinue these efforts in their behalf.

Plaintiff ultimately succeeded in negotiating a settlement with Kimmel, and defendants and other beneficiaries agreed to contribute in proportion to their respective shares of the estate in order to make up the amount of the settlement.

In reliance upon these promises, plaintiff consummated the settlement with Kimmel, advanced the amount out of the general funds of the estate, and thus effected the dismissal with prejudice of the various suits instituted by Kimmel and obtained the release of the devises of the defendants from all claims of or through Kimmel. The compromise was approved by the Probate Court.

Defendants refuse to pay their promised contributions. Such refusal gives rise to the first cause of action.

The second cause of action is for the reasonable value of necessary legal services rendered by the plaintiff and obtained by him in defending against the Kimmel litigation. Defendants were fully advised as to the rendering of such services and of the necessity thereof and that such services were extraordinary and beyond the scope of the duties of plaintiff as executor and beyond the ordinary duties of his counsel. No objection was ever made by the defendants, nor did they indicate in any way that they did not expect to share in this expense.

The reasonable value of these services is alleged. The second cause of action is for defendants' proportionate share of these attorney fees.

Defendants in both cases have moved to dismiss the appeals on the ground that Boyd P. Doty, executor of the estate of Mary S. Lombard, deceased, is not an aggrieved party and that the decision of the trial court is not detrimental to the estate.

As to the first cause of action in each case, it is clearly ad-

vantageous to the estate to recover the amount advanced out of the general funds of the estate. As to the second cause of action it is likewise advantageous to fix liability for attorney fees upon the defendants, who contend that any such obligation rests upon the estate.

These causes are to be distinguished from the cases cited by appellees where executors, having no interest as such, were denied rights of appeal. *Binns* v. *Smith,* 26 Ohio Law Abs., 225, concerned an attempted appeal by a testamentary trustee under a will from a declaratory judgment designating the beneficiary entitled to a bequest, the trustee having no adverse relationship to the beneficiary named. *In re Estate of Turpen,* 26 Ohio Law Abs., 587, declared that an administrator, as to whose inventory an objection was filed and overruled, was not an aggrieved party entitled to appeal. *First National Bank of Cincinnati, Exr.,* v. *Rawson,* 54 Ohio App., 285, 7 N. E. (2d), 6, held that an executor can not be prejudiced by an order of the Common Pleas Court instructing it respecting the disposition of the estate to be administered.

The questions involved in the present cases are whether or not the amounts claimed shall be paid through the executor to the estate. The estate itself is as directly and clearly interested in such an issue as it would be in the collection of any assets of the estate. The motions to dismiss are overruled.

Coming then to the merits of the appeal, we find that the facts stated above constitute good causes of action upon express contract and upon implied contract, respectively.

If the plaintiff were an individual and not an executor, we apprehend that there would be no question that upon such allegations he would be entitled to present his proof. The fact that he has acted in his capacity as executor, although beyond his duties as such, cannot affect the corresponding obligations undertaken and incurred by the defendants.

It is contended that there was no consideration for any alleged agreement on the part of the defendants because the executor was undertaking to do only what he was already bound to do.

The executor had no duty whatever to defend against Kimmel's asserted interest in the estate. It is a responsibility of an

executor to distribute the estate among those entitled to share therein, 22 Ohio Jurisprudence (2d), 438, Executors and Administrators, Section 84, but not to enter into controversies among rival contestants for shares in the estate.

Such controversies do not involve "claims" against the estate such as an executor is bound to resist. Whatever Kimmel's status might be found to be, the estate itself would remain intact, only its distribution would be affected. Hence, plaintiff owed no duty whatever to the estate to oppose Kimmel. And when he notified the beneficiaries under the will of Kimmel's contention and pending litigation, every possible duty which he owed to them in that connection was discharged.

It is argued that the executor is not the real party in interest and that the only persons actually concerned are the residuary legatees. This argument ignores the facts alleged. Much more than the residuary estate would have been affected if Kimmel's contention had been established. Defendants had a vital stake in seeing that they were not established. *Barlow* v. *Winters National Bank & Trust Co., Trustee,* 145 Ohio St., 270, 61 N. E. (2d), 603, 160 A. L. R., 423.

The executor could not, by serving beyond the scope of his legal duties, remove from the devisees and other beneficiaries the burden which was theirs and impose it upon the residuary legatees alone. The contracts pleaded, both express and implied, provided for equitable distribution of the burden among those upon whom it primarily rested, according to their proportionate benefits.

It should be observed that the prayers of these petitions are quite broad and seek not only money judgments upon contracts, express and implied, but also several alternative and additional types of relief. This circumstance may well account for the considerable attention given to some of the legal and equitable theories thus evoked, in the earnest and painstaking opinions of the trial judges contained in the record and in the diligently prepared briefs of counsel.

But the question now before us in each instance is whether or not plaintiff has set forth facts constituting a good cause of action. If, upon such facts, he is entitled to relief, even if not to all the kinds of relief sought, then he should be afforded an

opportunity to present his evidence. 31 Ohio Jurisprudence, 697, Pleading, Section 139; *Shaw* v. *Shaw,* 10 Ohio App., 216; *Ellis* v. *Victor Electric Products, Inc.,* 85 Ohio App., 170, 88 N. E. (2d), 275.

It is urged that the claims sued upon are in fact for contribution among the residuary and specific devisees and legatees under the will—a matter with which the executor has no concern.

Whether or not any right of contribution exists among those interested in this estate, no such right, if it existed, could extinguish a cause of action upon a contractual right in plaintiff.

"It is almost universally conceded that the doctrine of contribution is founded, not upon contract, but upon principles of equity and natural justice, which require that those who voluntarily assume a common burden shall bear it in equal proportions and that one party shall not be subject to bear more than the just share, to the advantage of his co-obligors. * * *" 11 Ohio Jurisprudence (2d), 564, Contribution, Section 3.

After some reference to the fact that in recognizing the rights of contribution, courts of law, though not courts of equity, may resort to theories of contract, implied possibly in fact or possibly in law, section 3 of the text above quoted closes with the following significant statement, at page 565:

"Both at law and in equity it is generally accepted that the parties may, by express agreement, modify or completely do away with the right of contribution."

Such an express agreement constitutes the basis of the first cause of action; and the implied contract alleged in the second cause of action arises out of the dealings of the parties.

Hence, the plaintiff having, according to the facts alleged, entered into an express contract with the defendants, and an implied contract having arisen out of their dealings with each other, he is vitally concerned at this point and is the proper party plaintiff.

It is urged that this case is analogous to those wherein executors are reimbursed for expenses incurred in the defense of a will contest, by treating such items as expenses of administration. In such cases there are certain duties, however limited, imposed upon the executor. 22 Ohio Jurisprudence (2d), 442, Executors and Administrators, Section 89; 22 Ohio Jurisprudence (2d), 374, Executors and Administrators, Section 11.

The statute provides that where the defense is unsuccessful the executor and his attorneys may nevertheless be paid reasonable compensation out of the estate. Section 2741.04, Revised Code.

Except for such statute there is no absolute right of the executors to receive such an allowance. 22 Ohio Jurisprudence (2d), 630, Executors and Administrators, Section 269. It must depend upon a variety of circumstances, such as the absence of the executor's personal interest in the estate. And it has also been held that no allowance will be made out of the estate where a devisee or beneficiary is the sole interested party. 22 Ohio Jurisprudence (2d), 631, Executors and Administrators, Section 269; *In re Contest of Will,* 7 N. P., 288; *Anonymous,* 7 N. P., 624.

In the case of *In re Estate of Dickey,* 87 Ohio App., 255, 94 N. E. (2d), 223, cited by appellees, where the expenses of successfully defending a will contest were allowed as costs of administration against the estate and diminished the residuary estate, there was no contention of any special agreement or understanding that the expenses were to be otherwise borne.

The Kimmel litigation was vastly different in nature from the ordinary will contest, and the obligations of an executor differ widely in the two situations. What may have been done in the particular circumstances of a certain will contest, in the absence of contractual obligations, can have no real bearing upon these present cases.

In the promised services performed by plaintiff beyond the scope of his duties as executor there is ample consideration for defendants' promises to contribute to the settlement effected. And when, with defendants' knowledge and assent, he proceeded to render and to procure necessary legal services by which they greatly benefited, they became obligated for the reasonable value thereof.

As stated at the outset, we have necessarily accepted plaintiff's version of the facts, but only for the purpose of determining this appeal on questions of law.

It is our view that he has stated good causes of action, that the motions to dismiss should have been overruled, that the judgments for the defendants are erroneous and that he is entitled to present his proof.

The judgments are reversed and the cases remanded for further proceedings according to law.

*Judgments reversed.*

Hornbeck, P. J., and Wiseman, J., concur.