CHILDERS, APPELLEE, *v.* CHILDERS, APPELLANT.

(No. 8712—Decided November 16, 1959.)

*Mr. Oliver W. Hardin,* for appellee.
*Mr. Jacob K. Stein,* for appellant.

LONG, J. This cause originated as a divorce action in the Court of Common Pleas, Division of Domestic Relations.

Plaintiff, the husband, alleged, in addition to his statutory residence, that defendant was guilty of extreme cruelty and ·gross neglect of duty. Defendant, the wife, a nonresident, was served by publication and entered her appearance by filing an answer and cross-petition. She prayed for alimony alone. It is admitted that the wife was a nonresident of the state of Ohio.

When the evidence disclosed that the husband, while being a bona fide resident of the county of Hamilton for 90 days, was lacking by six months the necessary residence in Ohio to give the court jurisdiction of his case, the court properly dismissed his petition. The trial judge further held that without a petition to support it, the cross-petition of defendant must be dismissed.

We do not have a decision on "all fours" with the facts in the case at bar. Let us first look at the statutes. There is nothing which prohibits the court from proceeding to judgment on a cross-petition as we have here. The only statute on the situs of the cause so far as alimony is concerned is Section 3105.03, Revised Code:

"Except in an action for alimony alone, the *plaintiff* shall have been a resident of the state for at least one year immediately before *filing the petition.* Actions for divorce or alimony shall be brought in the county of which *plaintiff* is and has been a bona fide resident for at least ninety days immediately preceding *the filing of the petition* * * *." (Emphasis supplied.)

It is to be observed that we do not find such a limitation on a cross-petition by a defendant for alimony alone.

Section 3105.17, Revised Code, sets out the grounds for alimony as follows:

"Either party to the marriage may file a petition for divorce or for alimony, and when filed *the other may file a cross-petition for* divorce or for *alimony.* The Court of Common Pleas may grant alimony on a petition or cross-petition for the following causes:

*``* * *``*

"(B) Any gross neglect of duty * * *." (Emphasis supplied.)

It is admitted that the defendant wife obtained personal service on the plaintiff husband. The statute specifically says that the cross-petitioning wife (the other party) may file a cross-petition for *alimony* and then sets out that gross neglect is one of the grounds upon which she may have judgment.

In the case at bar, plaintiff states a good cause of action for alimony alone; he was a resident of the county for ninety days. In *Shaw* v. *Shaw*, 10 Ohio App., 216, it was held to be error to sustain a general demurrer to a petition where the prayer is for divorce and alimony and plaintiff has not lived in the state for the necessary one year. Even though there is a prayer for divorce, if the facts show a good petition for alimony, the court retains jurisdiction. *Shaw* v. *Shaw, supra.*

The case nearest to the facts in the case at bar is that of *Payer* v. *Payer*, 74 Ohio Law Abs., 124, 133 N. E. (2d), 620, wherein it is stated in the third paragraph of the headnotes as reported in N. E., that:

"Where husband, county resident, brought divorce action against wife, resident of another state, and she brought cross-action for alimony and custody of children, court had jurisdiction to grant her cross-petition, notwithstanding husband's dismissal without prejudice of his petition."

With that decision we agree. When plaintiff dismissed his petition in the *Payer case*, there likewise was nothing to support the cross-petition, if it needed such support. What difference does it make whether the plaintiff dismisses his action or it is dismissed by the court? It seems unjust that the husband can institute a suit for divorce or alimony against his nonresident wife; get service on her by publication; take a chance that his nonresidence may not be discovered; and then when his wife enters her appearance by filing an answer and cross-petition, he be allowed to dismiss, or if, perchance, his case is dismissed by the court, the wife is without remedy in that action.

In the case of *Lampe, a Minor,* v. *Lampe*, 74 Ohio Law Abs., 122, 136 N. E. (2d), 470, although a Common Pleas Court case arising in Erie County, Ohio, Judge McCrystal, in commenting

on a similar situation, approved the ruling as set forth in the third paragraph of the N. E. headnotes in *Payer* v. *Payer, supra.* Paragraph four of the headnotes in *Lampe* v. *Lampe* is as follows:

"Whenever possible a court will retain jurisdiction as to subject matter of an action until it is fully adjudicated and will prevent parties from being forced to file multiple law suits to obtain their relief."

This would be exactly the position of the cross-petitioning wife in the case at bar. In the *Lampe case*, jurisdiction was retained by the court where an action for annulment of a marriage was filed and the nonresident defendant cross-petitioned for divorce. We think that this is the better reasoning. The weight of authority agrees with this conclusion. 89 A. L. R., 1209.

The judgment of the Court of Common Pleas, Division of Domestic Relations, dismissing the defendant's cross-petition is reversed and the case is remanded to the trial court for further proceedings according to law.

*Judgment reversed.*

MATTHEWS, P. J., and O'CONNELL, J., concur.