OPINION
{¶ 1} This is an appeal from the March 25, 2003 judgment of the Probate Division of the Seneca County Common Pleas Court which removed Defendant-appellants, Marvin J. Wise and Kathryn M. Slingwine, as co-executors of the estate of Edna S. Falter.
 {¶ 2} Ms. Edna S. Falter died testate on April 6, 2000. Prior to her death, she drafted two wills. The second will, which is the subject of this dispute, was drafted on July 27, 1999. The document contained a clause that left the residuary of Ms. Falter's estate to "Extended Family Adult Care, Bellevue, Ohio." Wise and Slingwine[1] were the executors named in the 1999 will. Additionally, Wise was a beneficiary under the 1999 will.
 {¶ 3} Plaintiff-appellee, Ann Beaston (Beaston), an executrix and heir under the first will subsequently filed a complaint, alleging (1) that the will was invalid because the testatrix lacked testamentary capacity and was under undue pressure and influence, and (2) that the residuary clause was invalid because Extended Family Adult Care was not a legal entity and thus lacked capacity to take under a will.
 {¶ 4} The parties filed cross motions for summary judgment regarding the validity of the will's residuary clause. The trial court entered summary judgment on behalf of Ms. Beaston, holding that "Extended Family Adult Care" is not a legal entity and therefore lacked capacity to take under a will.' Thereafter, this court reversed the order of the trial court stating that there was a question of fact, or latent ambiguity, as to whether Falter intended to leave the residuary of her estate to "Extended Family Adult Care Center" but mistakenly gave the bequest to "Extended Family Adult Care" in her will.
 {¶ 5} On November 18, 2002, a trial was held wherein a jury was instructed to determine whether Falter intended to leave the residuary of her estate to the place where she lived, "Extended Family Adult Care" or to "Karen Pelton dba Extended Family Adult Care Center." The jury found that Falter intended to leave the residuary of her estate to the place where she lived. Thereafter, the trial court determined that because a place cannot accept a bequest, the bequest was void and therefore, the residuary would pass under the statutes of descent and distribution. Karen Pelton (Pelton) appealed this determination but failed to request a stay of the proceedings in the trial court. Wise and Slingwine's names appeared on the notice of appeal.
 {¶ 6} On January 10, 2003, Wise and Slingwine, as executors, filed an application for authority to pay attorney's fees. Specifically the application requested that the estate pay $33,055.00 for services rendered by Hart for defending Falter's will. However, the list that Hart submitted included fees for services rendered over a year before Wise and Slingwine retained Hart's services. Wise and Slingwine also requested "the Court's determination on attorney fee payments to Mr. Hart on any further actions,[2] including any appeal actions." Ironically, on January 27, 2003, Wise, as a beneficiary, filed an objection to his own motion for attorney's fees. Thereafter, on January 31, 2003, Beaston and the Heir's at Law both filed additional objections to the payment of attorney's fees. On February 27, 2003, Wise and Slingwine purported to withdraw the application for attorney's fees.
 {¶ 7} On March 6, 2003, the trial court denied Wise and Slingwine's application to withdraw their request for attorneys fees because a hearing was necessary based on "the significant nature of the fees that are being sought, the fact that no prior application for retaining counsel and fees were approved by the court and because these may affect the amounts to be distributed to the current heirs and beneficiaries of this estate." The trial court also noted:
The court is concerned that this appearance of an alignment by thedefendant co-fiduciaries with a former party to this action [Pelton] mayresult in appearance of breach of those duties of trust that are placedupon the fiduciaries as they administer the estate.
 {¶ 8} Thereafter, the trial court, on its own motion, scheduled a hearing to consider the removal of Wise and Slingwine as executors under R.C. 2109.24. On March 19, 2003, a hearing was held on the matter. At the hearing, Hart represented Pelton, Marvin and Wise. Furthermore, Wise testified that the list of fees Hart submitted included fees for the representation of Pelton but that he thought the fees would be differentiated at a later date. Slingwine testified that while she would direct the estate according to the court's order, she still believed that Falter intended the estate to go to her daughter, Pelton.
 {¶ 9} In its March 25, 2003 entry, the trial court found,
[T]he Court further finds by clear and convincing evidence that theco-executors of the estate have repeatedly aligned themselves with KarenPelton dba Extended Family Adult Care Center, a former party in thismatter, in filings before this court, by filing an application forauthority to pay attorney fees of said former party incurred in thismatter and to be incurred in a pending appeal by said former party, bywithdrawing said application without leave of court, by engaging withoutthis Court's prior approval said former party's attorney as theirco-counsel and by continuing to engage said former party's attorney astheir co-counsel, and by otherwise taking positions adversarial to thenext of kin and heirs of law, who are the residuary beneficiaries ofdecedent's estate under this Court's Judgment Entry filed November 22,2002 in Case No. 013695(A), all without giving bond or otherwise seekingor obtaining a stay of this Court's said Judgment Entry. The Court findsby clear and convincing evidence that the co-executors have otherwisebreached their trust as such fiduciaries and that the interest of thetrust demands that they be removed as such fiduciaries.
 {¶ 10} Thereafter, the trial court removed Wise and Slingwine as executors of Falter's estate. Wise and Slingwine now appeal, asserting a single assignment of error.
The trial court erred when it found the co-executors had committed abreach of trust requiring the removal from their position asco-executors.
 {¶ 11} R.C. 2109.24 provides that a court may remove a fiduciary after giving at least 10 days notice for "habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law." The removal of an executor of a will falls within the sound discretion of the probate court. In re Estate of Kirschbaum (May 12, 1986), Hancock App. No. 5-85-20 at *1. Consequently, so long as the court fairly finds that one of the factors in R.C. 2109.24 is present, "there is no requirement that the finding be supported by clear and convincing evidence." In re Estate ofBost (1983), 10 Ohio App.3d 147, 149; Kirschbaum, supra.
Furthermore, "[a]n executor's actions need not amount to violations of law or even cause injury to the estate to warrant a finding that the best interests of the estate will be served by removal." Bost, supra.[3]
 {¶ 12} The Ohio Supreme Court in In re Estate of Zonas, (1989)42 Ohio St.3d 8, 12 stated that,
A fiduciary's interest in a will contest should be to preserve andprotect the property of the estate. Although he may defend the will, he isnot required to do so and may cast the defense burden onto the legateesand devisees. A fiduciary represents the entire estate and has the dutyto distribute the estate property but should not enter into controversiesamong rival contestants. [citations omitted].
 {¶ 13} "Such controversies do not involve `claims' against the estate such as an executor is bound to resist." Doty v. Peters (1958),106 Ohio App. 435, 440. If the estate itself would remain intact, but only its distribution would be affected, the executor owes no duty whatever to the estate to oppose a potential beneficiary. Id. Furthermore, once the beneficiaries under the will are notified of any litigation, any duty to the beneficiaries in that connection is discharged. Id.
 {¶ 14} In this case, there was clearly a controversy between the beneficiaries under the will and the heirs at law as to the meaning of the residuary clause of Falter's will. In fact, Wise as an executor actually had a conflict with himself as beneficiary. As stated by the trial court in its entry, Wise and Slingwine have repeatedly aligned themselves with Pelton. Because Wise and Slingwine have not provided this court with any applicable law which indicates that their removal as co-executors for the reasons cited by the trial court is not authorized by law, we cannot find that the trial court abused its discretion. Consequently, the single assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
Bryant, P.J., and Cupp, J., concur.
[1] Slingwine is the mother of Karen Pelton, the owner of Extended Family Adult Care Center in Bellevue, Ohio.
[2] The will contest action was pending at the time of this application for attorney fees.
[3] Wise and Slingwine cite In re Estate of Henne (1981),66 Ohio St.2d 232 as authority to determine when a fiduciary may be removed. However, Henne involved the initial appointment of an executor not the removal of an existing executor.