WILLIAM J. WEIR ET AL. V. ELIZA WEIR, EXRX.

1. WHETHER EXECUTOR ALLOWED EXPENSES FOR DEFENDING WILL DEPENDS UPON PARTICULAR CIRCUMSTANCES.

The question as to whether or not an executor may be allowed credit on his account for expenses incurred in the successful defense of a will contest depends upon the circumstances of each particular case.

2. EXECUTOR ALLOWED EXPENSES IN DEFENDING WILL WHEN DONE DISINTERESTEDLY.

While an executor is not bound to assume the defense of a contest of a will, he may do so, and where this is done in a disinterested effort to maintain it and preserve the trust therein created and to effectuate the intention of the testator, a court of chancery may allow the executor credit in his account for his expenses incurred in the successful defense of such will.

3. EXECUTOR NOT ALLOWED EXPENSES IN DEFENDING WILL, WHEN LARGE SPECIAL BEQUEST IS MADE TO HIM.

The court will not allow an executor his expenses incurred in defending a will where it appears that he is a legatee thereunder, and that the special bequest to him is the one inviting the attack.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**W. A. Hicks,** for plaintiff.

**Dempsey, Mallon & Vordenberg,** and **Prescott Smith,** for defendant, cited :

*Bowers, In re,* 10 Dec. Re. 39 (18 Bull. 198) ; *Bowers, In re,* 17 Bull. 80; *McArthur* v. *Scott,* 5 O. F. D. 357 [113 U. S. 340; 5 Sup. Ct. Rep. 652; 28 L. Ed. 1015] ; *Andrews* v. *Administrators,* 7 Ohio St. 143; Rev. Stat. 5859 (Lan. 9396) ; 11 Am. & Eng. Enc. Law (2 ed.) 910, 1236; *Heffner's Succession,* 49 La. Ann. 407 [21 So. Rep. 905] ; *Lassiter* v. *Tarvis,* 98 Tenn. 330 [39 S. W. Rep. 226].

**JELKE, J.**

This cause comes into this court on error to an order of the court of common pleas adjusting the account of Elizabeth Weir, executrix, under the will of her mother, Elizabeth Weir, deceased, and a determination of the propriety of certain charges therein for counsel fees paid in the administration of said estate, particularly as to the item of $1,200 allowed to said executrix as having been paid to her lawyers for the successful defense in an action to contest the will of the testatrix, Elizabeth Weir, deceased.

No question is here made as to the value of counsel's services or the amount allowed in payment thereof, but it is contended that no allowance can properly be made to the executrix in this case for defending the will. In *Andrews* v. *His Administrators,* 7 Ohio St. 143, the syllabus is as follows:

"An executor is not bound to assume the burden of the defense of a contest of the will by the heirs at law, but may properly throw the same upon the legatees or devisees.

"The executor is not entitled, when the will is adjudged invalid, to charge the estate, in his settlement account, with the expense of maintaining such defense."

This case was cited and approved in the case of *McArthur* v. *Scott,* 5 O. F. D. 357 [113 U. S. 340, 399; 5 Sup. Ct. Rep. 652; 28 L. Ed. 1015].

It is contended that the converse of the above rule must be true, and that when the will is sustained the executrix is entitled in settling her account to charge the estate with the expense of maintaining such defense. This proposition so contended for is not universally true. It may or may not be true, dependent upon the circumstances of each particular case. While an executor is not bound to assume the defense of a contest of the will, he may do so, and where done in a disinterested effort to maintain the will and preserve the trust therein created and

Weir v. Weir.

to effectuate the intention of the testator as declared in what is found truly to be his last will and testament, a court of chancery may allow the executor credit in his account for his expenses incurred in defending such will. This would be particularly true where the legatees or beneficiaries under the will were children, or were so numerous or so distantly removed that they could not well assume the burden of defense individually on their own accounts, but said defense could better be made for all interested and taking under the will by a common representative in the person of the executor.

Does the case at bar present circumstances where the executrix could or should, at the expense of the estate, assume the defense of the will? It is true that the will was sustained. An examination of the will and the subsequent contest, however, discloses that the special objection to such will and the item which invited attack was a special legacy of $12,000 left to the said Elizabeth Weir, who was also made executrix. Had the executor named in said will been some trust company, or some disinterested stranger, would not such stranger executor have felt that the burden of sustaining this will should fall upon and be borne by the legatee especially interested in having said will sustained? On the other hand, it may well be said that the intention of the testatrix, as expressed in said will, having been vindicated, the legatee should receive the legacy therein provided without being mulcted for the expense of defending an attack which proved futile and apparently was not justified. But is this not one of the burdens incident to the acquisition and ownership of any and all property? Would not this objection lie just as well in the mouth of any successful defendant whose property rights had been assailed? The case at bar has another element; that the executrix is likewise the legatee whose legacy invited the attack. Chancery always insists that where a trustee's duty or the interest of the trust estate is being balanced against the private individual interests of such trustee, the individual interest is to yield, and all doubts and uncertain charges are to be resolved in favor of the trust estate. If Elizabeth Weir, executrix, had abandoned the will contest, which she had a right to do under the law, would not Elizabeth Weir, legatee, have taken it up and have made in her own interest exactly the same defense and have employed the same counsel and have incurred the same expenses as was done herein? Is there not an element of inequity in Elizabeth Weir defending her legacy and receiving the same in its entirety with the expense of this defense charged to the heirs at law or the residuary legatees under the will? We have no doubt that counsel fully earned the fee of $1,200 and are glad that its

Hamilton County.

payment is not dependent upon a determination of this question, and that it is merely a question as to whether ıt should come out of the general estate or out of Elizabeth Weir's legacy.

We are of opinion that the equities in this case required that this fee should be paid by Elizabeth Weir, individually, and out of her special legacy. The court below erred in permitting her to charge the same in her account to the estate, and the judgment is reversed. There being no dispute as to the facts, and this determination turning purely on a question of law, judgment may be had in this court in conformity with the above conclusion.

**Swing** and **Giffen, JJ.,** concur.