**ALBONOWSKI, In Re**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16026. Decided Dec 20, 1937

A. M. Barlow, for plaintiff-appellee.

Miss Marie Wing, Cleveland, for defendant-appellant.

MONTGOMERY, PJ, SHERICK and LEMERT, JJ, (5th Dist) sitting by designation.

**OPINION**

By LEMERT, J.

The amount involved in this case is not large, but the principle and legal question involved is of considerable interest to practicing attorneys and litigants.

In this case, one Frederick Truman, as guardian of Waclaw Albonowski, was allowed certain fees and expenses in connection with his third, fourth and fifth partial accounts. The Probate Court allowed these fees over the objections of The Veterans' Administration. The Veterans Administration took an appeal to the Common Pleas Court. The objections of the Veterans Administration were overruled with the exception of one item in the fifth account, namely, $80.00 extraordinary compensation to the guardian for services performed after the effective date of the Uniform Veterans Guardianship Act. The items toward which exceptions were directed and which the court overruled, totalled $1034.63. In connection with the appeal in the Common Pleas Court, legal services were rendered by Walter M. Tobias at the request of the guardian. After the completion of the appeal in the Common Pleas Court, the guardian filed an application in Probate Court for payment of $30.00 to Mr. Tobias for legal services rendered in the case. The Probate Court granted this allowance. The Veterans Administration then appealed from this judgment of the Probate Court, and the matter was heard on appeal in the Common Pleas Court. The Common Pleas Court sustained the objection of The Veterans Administration for the payment of the sum of $30.00 for legal fees.

The guardian is before this court asking that the decision of the Common Pleas

Court be reversed and the approval of the Probate Court for allowance of these fees be sustained.

The guardian in this case, Frederick Truman, asks that he be allowed attorney fees in the sum of $30.00 on the ground that the employment of an attorney was necessary and incidental to the administration of this estate, and that the amount charged therefor was reasonable. So that the real question in this case is whether the attorney fees for services in sustaining the accounts of the guardian in the Common Pleas Court, should be allowed out of the proceeds of the estate,—the Probate Court having allowed them as a proper expenditure.

The record before us discloses that Mr. Truman upon the request of Judge Hadden of the Probate Court, took over the guardianship of a number of wards who were World War Veterans. When a number of such guardianships were taken over by Mr. Truman, with the permission of Judge Hadden, certain expenditures were pro-rated amongst these wards, including office rent, certain special files and the time of an assistant or secretary. The record further discloses that Judge Hadden, and after him, Judge Addams, approved a number of accounts which included these pro-rated items, and after the passage of the Uniform Veterans Guardianship Act, Mr. Truman continued to file his accounts in this manner.

We note from the answer briefs of plaintiff appellee, that it is apparently conceded that the right of a guardian to charge attorney fees for the defense of his accounts, if such defense is successful. We are of the opinion that the law supports the granting of attorney fees to a fiduciary in instances where he is partially as well as wholly successful provided that good faith and reasonable care on the part of the fiduciary is shown. The matter of good faith is the important test.

The record before us indicates that Mr. Truman acted according to the existing accounting procedure of the Probate Court and made claim for compensation according to the agreement under which he assumed the guardianships of these wards. We are of the opinion that he acted in good faith and that the attorney employed by Mr. Truman acted in good faith.

In the case of In Re Carlius Estate, 17 SW it was held that:

"The administrator is entitled to a reasonable allowance for attorney services rendered in defense of final settlement. Good faith and reasonable care, and not the result of the litigation is the test."

It is true that some courts have apportioned the costs, where the accounts of the fiduciary have been in part sustained, and in part overruled. However, if a fiduciary has acted in good faith, the expenses in full are chargeable to the estate.

In Re Crollman Estate, 117 Atl. 351.

As disclosed by the record, the items of expense and compensation covered a period of five years. In the appeal to the Court of Common Pleas only one item was disallowed by that court, being a fee of $80.00 for transactions covering the fifth partial account. Therefore, it might be said that the guardian was about ninety percent successful in the instant case. As against the exceptions to his account, this is some evidence of the good faith of the guardian.

The record is clear that in the instant case the claims for compensation and expenses followed a method of accounting prescribed and approved by the Probate Court of this county for many years and it is not denied that the claim was made in good faith.

We are, therefore, of the opinion that the guardian is entitled to attorney fees for substantially sustaining his account.

It therefore follows from the facts in the instant case, the judgment of the Court of Common Pleas will be reversed and that of the Probate Court will be affirmed. An entry may be made accordingly. Exceptions may be noted.

MONTGOMERY, PJ, and SHERICK, J, concur.