**HATT, Estate of, In Re.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21142. Decided February 21, 1949.

John R. Kistner, Cleveland, for plaintiff-appellee.
Robert Merkle, Cleveland, for defendant-appellant.

# 318

## OPINION

Per CURIAM:

This is an appeal on questions of law from Probate Court by Margaret Weisenbach, the former and duly appointed, qualified and acting Executrix of the will of Anna S. Hatt, deceased, from a judgment of Probate Court which denied in part and allowed in part her application for allowance of expenses, compensation and attorneys' fees, as set forth in her first partial account and final account filed in the estate.

The principal controversy on this appeal has to do entirely with the allowance of fees of the Executrix and her attorneys and this discussion will be confined to that proposition.

There is no issue as to the first forty-four items in the corrected first partial account nor in the first twenty-eight items in the final account, the correctness of which has been admitted by the appellee.

Application has been made by Attorney Robert Merkle for substantial sums running into thousands of dollars for services rendered in defending the trust of the Executrix which was later defeated by reason of the successful completion of a will contest in Detroit, Michigan, in favor of a niece of the decedent. The Probate Court disallowed the claims for these services, both those of the Executrix and her counsel. We think that the Probate Court was correct in its judgment denying compensation for such services and in this respect the judgment of the Probate Court is affirmed. It is our view that these services were performed primarily for the personal benefit of the Executrix and her counsel as witnessed by Exhibit 18 as follows:

## "AGREEMENT

THIS AGREEMENT, entered into at Cleveland, Ohio this 19th day of April, 1946. by and between ROBERT MERKLE, Attorney-at-Law, hereinafter called the First Party, and MARGARET WEISENBACH, both individually and as Executrix under the will of Anna Hatt, deceased, hereinafter called the Second Party;

**WITNESSETH:**

The said First Party, for the consideration hereinafter stipulated, has undertaken and does hereby undertake and agree with said Second Party to act as her attorney in securing the probate of the will of Anna Hatt, executed on or about the 31st day of October, 1942, in representing her in the administration of the estate of said decedent and in securing for her, individually, the rights provided for her under said will, and also in defending Second Party against turning over the estate of said decedent, which is now in her possession, to persons claiming the right thereto under purported wills executed or claimed to have been executed in the State of Michigan, and in consideration for the services so rendered and to be rendered by said First Party, it is agreed that he shall receive a sum of money sufficient to compensate him reasonably for all of the services rendered in connection with the administration of said estate, and in addition thereto, and separate and apart therefrom he shall receive a sum of money equal to 50% of all of the assets, real or personal which shall be vested in Second Party by reason of the will of said decedent, or by reason of any settlement that may be made in connection with the matters hereinabove mentioned.

The Second Party does hereby assign and set over to the First Party, an undivided 50% interest in and to her rights, both real and personal, under said will, and in and to any and all claims for extra compensation or otherwise, and whatever amount may be received or recovered thereon, as security for the payment of his fees for services as aforesaid.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands to this instrument in execution thereof, the day and year first above written.

IN THE PRESENCE OF:

(signed) Robert Merkle

Robert Merkle

(signed) Margaret Weisenbach

Margaret Weisenbach"

However, the Probate Court disallowed other items which in our opinion should have been allowed.

Probate Court disallowed fees for appraisers appointed by the court in the sum of $75.00 each, which should have been allowed. Probate Court disallowed court costs in the amount of $15.40 to Probate Court which should be allowed.

It appears that during the time the principal branch of this case was on appeal that moneys accounted for by the Executrix passed through her hands at the expenditure of her time and effort and that she should be allowed the statutory fees therefor as requested by her in the sum of $592.83 as shown in Item forty-eight on her corrected first partial account and of $54.00 in her final account. It also appears clearly that during the time of appeal the Executrix had to manage the collections on numerous mortgages and collect rents on real estate to pay real property taxes and make the necessary returns in reference thereto. Therefore, in our opinion she should be allowed a sum of $395.00 as shown on Item forty-nine in her corrected first partial account and $234.00 as shown in Item twenty-nine in her final account.

The Court allowed to Attorney Steven W. Kormendy the sum of $500.00 for services rendered during the lifetime of decedent, but denied allowance for similar services rendered during the lifetime of decedent to Attorney Robert Merkle.

We are of the opinion that compensation should be allowed to Robert Merkle for like services in the same amount, namely $500.00, although this is considerably less than is being applied for.

The Court disallowed fees and expenses of Attorneys Miller, Canfield, Paddock and Stone, of Detroit, for services rendered in connection with the employment of said attorneys by the Executrix in contesting the will in Michigan. We affirm the judgment of the Probate Court in this respect.

The Court allowed to Attorney Robert Merkle the sum of $250.00 for services rendered to the estate outside of the services performed by him in defending the trust. In our opinion, counsel is entitled to compensation more commensurate with the services rendered. This sum is difficult of ascertainment. In our opinion, counsel should be allowed at least the sum of $500.00 for these services.

In view of the foregoing, the judgment of the Probate Court is modified as herein set forth and as modified is affirmed.

A Journal Entry may be drawn accordingly.

MORGAN, PJ, SKEEL, J, and HURD, J, concur.