In re Estate of Zonas, Deceased.

[Cite as In re Estate of Zonas (1989), 42 Ohio St. 3d 8.]

(No. 87-1730—Submitted January 10, 1989—Decided March 29, 1989.)

*Cissell & Komarek, James C. Cissell* and *Paul A. Komarek,* for appellants.

*Frank & Goettke, Armin Frank, McCaslin, Imbus & McCaslin* and *Robert J. Imbus, Jr.,* for appellee.

ALICE ROBIE RESNICK, J. The sole issue before this court is whether an attorney who is employed by beneficiaries of a contested will which is later found to be invalid can recover attorney fees from the estate pursuant to R.C. 2107.75.

Prior to 1945 Ohio courts set forth when attorney fees in a will contest could be payable out of the estate of the decedent since there was no statutory authority. Ordinarily, the courts held that attorney fees would be recoverable only if the attorney hired by the executor or administrator of the estate successfully defended the will in a will contest. In *Executors of Andrews* v. *His Administrators* (1857), 7 Ohio St. 143, this court held that expenses incurred by an executor in defending a will in a will contest were recoverable only when the will in question was found to be valid. We determined that an executor did not have a duty to defend a will in a will contest and properly could put the burden of defense on the legatees and devisees under the contested will. We reasoned that if an executor had the duty to defend the will and thus was able to charge the defense expenses to the estate even when unsuccessful, this would result in "* * * the obvious and gross injustice of exonerating from the burdens of the contest those who alone had an interest in maintaining it, and who are adjudged to have been in the wrong, and casting the whole expense of a proceeding, alike against their rights and their interests, upon the innocent heirs at law." *Id.* at 152.

Even where an executor successfully defended a contested will, an award of attorney fees was not automatic. Courts looked to the circumstances surrounding the will dispute before allowing such fees. For example, the court in *In re Albonowski* (1937), 59 Ohio App. 234, 26 Ohio Law Abs. 154, 10 O.O. 515, 18 N.E. 2d 124, found that a fiduciary who is partially or wholly successful in defending a will may get attorney fees provided that good faith and reasonable care by the fiduciary are shown.

If an executor had a personal interest in the will contest or if his actions were not beneficial to the estate, attorney fees generally were denied. See *In re Estate of McAlpin* (1897), 8 Ohio Dec. 654. The controlling factor concerning whether an executor will be reimbursed is "his personal interest or lack thereof in the result of the contest." *In re Estate of Curry* (1917), 20 Ohio N.P. (N.S.) 49, 53, 27 Ohio Dec. 485, 489. In *Weir* v. *Weir* (1906), 7 Ohio C.C. (N.S.) 289, 18 Ohio C.D. 199, it was held that where an executrix chooses to defend a will and does so in

a disinterested effort, she may recover defense expenses if she is successful. *Id.* at 290, 18 Ohio C.D. at 200-201.

In 1945, G.C. 12082 was amended to address costs and charges against an estate where a will or codicil is determined to be invalid. That part of the statute underwent minor changes and is codified today as R.C. 2107.75:

"When the jury or the court finds that the writing produced is not the last will and testament or codicil of the testator, the trial court shall allow as part of the costs of administration such amounts to the fiduciary and to the attorneys defending such purported last will or purported codicil as the trial court finds to be reasonable compensation for the services rendered in such contest. The court shall order such amounts to be paid out of the estate of the decedent."

Appellants contend that R.C. 2107.75 mandates the recovery of their expenses incurred during the will contest. They claim that as attorneys for beneficiaries under the contested will, they fall within the statute's scope and purpose. The statutory language which provides that costs of defending an invalid will shall be allowed "* * * to the fiduciary and to the attorneys defending such purported last will * * *" is imprecise.

Only a few Ohio cases have dealt specifically with whether statutory attorney fees are recoverable by someone other than attorneys for the fiduciary. In *Lindsey* v. *Markley* (1950), 87 Ohio App. 529, 533, 43 O.O. 317, 319, 96 N.E. 2d 311, 313, the court found that G.C. 12082 did not limit authorization of fees only to attorneys for the estate's legal representative, but that fees "shall be allowed 'to the attorney or attorneys defending such purported last will,' etc." However, in *Doty* v. *Peters* (1958), 106 Ohio App. 435, 442, 7 O.O. 2d 181, 185, 155 N.E. 2d 239, 245, R.C. 2741.04 (the immediate predecessor to the current R.C. 2107.75) was construed to mean that "* * * the executor and *his attorneys* may nevertheless be paid reasonable compensation out of the estate." (Emphasis added.)

Although appellants would construe R.C. 2107.75 to include attorneys for both executors and beneficiaries, we decline to apply such a broad reading.

Upon review, we find that other states which have statutes concerning attorney fees in a will contest generally limit recovery of such fees to the personal representative, executor, or administrator. Several states model their statutes after the Uniform Probate Code provision on attorney fees which states[2]:

"If any personal representative or person nominated as a personal representative defends or prosecutes any proceeding in good faith, whether successful or not, he is entitled to receive from the estate his necessary expenses and disbursements including reasonable attorneys' fees incurred."

---

[2] See Alaska Stat. Section 13.16.435 (1985); Ariz. Rev. Stat. Ann. Section 14-3720 (1975); Ark. Stat. Ann. Section 28-48-109(a) (1987); Colo. Rev. Stat. Section 15-12-720 (1973); Hawaii Rev. Stat. Section 560:3-720 (1985); Idaho Code Section 15-3-720 (1979); Me. Rev. Stat. Ann. Title 18-A, Section 3-720 (1981); Neb. Rev. Stat. Section 30-2481 (1985); N.D. Cent. Code Section 30.1-18-20 (1976); S.C. Code Ann. Section 62-3-720 (Law. Co-op. 1987); Utah Code Ann. Section 75-3-719 (1978); see, also, the following states which add "with just cause" to the Uniform Probate Code provision: Iowa Code Ann. Section 633.315 (West 1988); Md. Est. & Trusts Code Ann. Section 7-603 (1974); Ore. Rev. Stat. Ann. Section 116.183(2) (1988).

Uniform Probate Code (1987), Section 3-720.

Other states, while they do not closely follow the Uniform Probate Code model, nevertheless limit recovery of attorney fees to the executor. See Official Code of Ga. Ann. Section 53-3-23 (1982) and N.Y. Surr. Ct. Proc. Act Section 2302(3) (McKinney 1967).

If an executor is unable to participate in a will contest, some statutes specifically allow fees to another person who represented the executor's interests and his attorney.[3]

Another approach taken by several states is to order the contestant to pay attorney fees if the will in probate is affirmed. If probate is denied, such statutes also provide for attorney fees to be paid either by the party resisting the contest or by the estate, as the court directs.[4]

A few statutes are broadly written and do not limit recovery of attorney fees to counsel retained by an executor or administrator. Texas, for example, merges the Uniform Probate Code model with a further allowance of attorney fees to "any person designated as a devisee, legatee, or beneficiary in a will or an alleged will" who defends the will or prosecutes any proceeding in good faith and with just cause. Tex. Prob. Code Ann. Section 243 (Vernon

1989). Cf. Mass. Gen. Laws Ch. 215 Section 39B (1986); N.J. Civ. Prac. R. 4:42-9(a)(3); Kan. Stat. Ann. Section 59-1504 (1983). See, also, *First Natl. Bank of Boston* v. *Sullivan* (1976), 4 Mass. App. Ct. 414, 350 N.E. 2d 473.

In deciding whether to award attorney fees out of a decedent's estate, courts frequently determine whether the executor acted in good faith either in propounding the will to probate or in defending it. In *In re Estate of Pfleghar* (1983), 35 Wash. App. 844, 670 P. 2d 677, the court stated that an executor can not recover his attorney fees out of the estate if he did not act in good faith. "The sole test in determining whether an executor is entitled to recover his costs out of the estate is: 'Did the deposed executor act in good faith?' *In re Estate of Kleinlein*, 59 [Wash.] 2d 111, 115, 366 P. 2d 186 (1961). * * *" *Id.* at 848, 670 P. 2d at 680. See, also, *In re Estate of DiJurico* (1987), 134 Misc. 2d 263, 510 N.Y. Supp. 2d 465; *In re Estate of Graham* (1945), 156 Fla. 421, 23 So. 2d 485; *In re Estate of Jolly* (1940), 3 Wash. 2d 615, 101 P. 2d 995; *In re Estate of Randall* (1942), 64 Idaho 629, 132 P. 2d 763; and *In re Ferrill* (1983), 99 N.M. 503, 660 P. 2d 593. But, see, *Estate of Brideau* (Me. 1983), 458 A. 2d 745.

Moreover, courts often focus on whether a litigant's actions benefited

---

[3] Indiana's statute provides:

"When any person designated as executor in a will, or the administrator with the will annexed, or if at any time there be no such representative, then any devisee therein, defends it or prosecutes any proceedings in good faith and with just cause for the purpose of having it admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements including reasonable attorney's fees in such proceeds." Ind. Code Ann. Section 29-1-10-14 (West 1979). See, also, *In re Estate of Workman* (1970),

147 Ind. App. 523, 262 N.E. 2d 408. Cf. Fla. Stat. Ann. Section 733.106(2) (West 1976); Ark. Code Ann. Section 28-48-109(b) (1987); Minn. Stat. Ann. Section 524.3-720 (West 1975). See, also, *In re Estate of Lewis* (Fla. App. 1983), 442 So. 2d 290.

[4] See Wash. Rev. Code Ann. Section 11.24.050 (1987); Okla. Stat. Ann. Section 66, Title 58 (1965); Mont. Code Ann. Section 72-12-206 (1987); Ala. Code Section 43-8-196 (1982). Cf. Nev. Rev. Stat. Section 137.110 (1987).

the estate or whether the action was brought or defended in order to benefit only one person or group of persons. If an executor's actions do not benefit the entire estate but instead are merely done to benefit himself personally, then his fees and his attorney fees generally are disallowed. In *In re Estate of Brack* (1982), 121 Mich. App. 585, 329 N.W. 2d 432, the Michigan Court of Appeals did not allow attorney fees to be paid out of the estate to an administrator who advanced his own interest as an heir to the estate. See, also, *In re Estate of Minsky* (1978), 59 Ill. App. 3d 974, 376 N.E. 2d 647; *In re Estate of Estes* (1982), 134 Ariz. 70, 654 P. 2d 4; *In re Estate of Lingscheit* (S.D. 1986), 387 N.W. 2d 738; *In re Estate of Berriochoa* (1985), 108 Idaho 474, 700 P. 2d 96. Cf. *Hurd v. Mosby* (1981), 54 Ore. App. 713, 636 P. 2d 436.

Because an attorney employed by a beneficiary usually seeks to benefit only his or her client and not the entire estate, attorney fees generally are disallowed. However, some courts will allow a beneficiary to recover his attorney fees if the attorney's services benefited the estate as a whole or increased a common fund in which others might share. See *Rogers v. Rogers* (1984), 71 Ore. App. 133, 691 P. 2d 114; *State Land Board v. Sovenko* (1954), 202 Ore. 571, 277 P. 2d 781; *In re Estate of Parr* (Okla. 1955), 287 P. 2d 906; and *In re Estate of Katschor* (Okla. 1982), 637 P. 2d 855. Cf. *In re Estate of O'Brien* (1972), 18 Ariz. App. 375, 502 P. 2d 176.

Ohio, like many other states, distinguishes between recovery of attorney fees by a fiduciary as opposed to a beneficiary. This is primarily because the duties and interests of these two groups are inherently different. A fiduciary's interest in a will contest should be to preserve and protect the property of the estate. *Hecker v. Schuler* (1967), 12 Ohio St. 2d 58, 61, 41 O.O. 2d 277, 279, 231 N.E. 2d 877, 879. Although he may defend the will, he is not required to do so and may cast the defense burden onto the legatees and devisees. A fiduciary represents the entire estate and has the duty to distribute the estate property but should not enter into controversies among rival contestants. *Doty, supra.*

In contrast, a beneficiary's interest in a will contest is necessarily a personal one. The outcome of such a contest has a personal and direct effect on the beneficiary alone and not the entire estate. Hence, since a beneficiary's interest in a will contest usually is to protect his or her own share and not to benefit the entire estate, attorney fees ordinarily will not be allowed. We determine that R.C. 2107.75 applies only when the executor or administrator retains counsel which is necessary for the benefit of the entire estate. 33 Ohio Jurisprudence 3d (1982) 390, Decedents' Estates, Section 1485.

Thus, Ohio courts frequently have disallowed attorney fees even on behalf of executors when it was determined that the legal services were performed primarily for the personal interest of the executor and not for the benefit of the entire estate. See *In re Estate of Hatt* (App. 1949), 54 Ohio Law Abs. 317, 87 N.E. 2d 268; *Weir, supra; Curry, supra; Doty, supra.*

Due to the widely disparate interests of fiduciaries and beneficiaries, we hold that R.C. 2107.75 is applicable only to the fiduciary and the fiduciary's attorney. Neither beneficiaries of a defeated will nor their attorneys are entitled to compensation under this statute. Although we find that the language of R.C. 2107.75 is vague, we do not believe that the General Assembly intended to expand recovery of such fees to attorneys for

beneficiaries of a defeated will in light of past Ohio case law which generally denies attorney fees to anyone other than a disinterested executor and his attorney.

The Colorado Supreme Court addressed this same issue as to whether unsuccessful contestants to a will could recover their attorney fees from the decedent's estate. The court too distinguished between beneficiaries and personal representatives and held that "[n]o allowance may be made out of the estate of a deceased person for the services of an attorney not employed by the personal representative of the estate, where the services were rendered for the sole benefit of an individual or group of individuals interested in the estate, and where the services are rendered in a proceeding purely personal and adversary between the parties." *Proudfit* v. *Coons* (1958), 137 Colo. 353, 356, 325 P. 2d 273, 275.

We agree. Accordingly we hold in the case before us that attorney fees can not be awarded to the Cissell group. Upon review of the record, we discern no benefit which has been conferred on the Zonas estate by the actions of the beneficiaries, Mallios and Matsiotas, or their attorneys. The defense of the invalid Chicago will and the ensuing litigation can not be seen as benefiting the Zonas estate as a whole. Instead their actions were done merely to obtain a personal benefit.

For the foregoing reasons, therefore, we reverse the judgment of the court of appeals and reinstate the judgment of the probate court.

*Judgment reversed.*

MOYER, C.J., HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, J., dissents.