**Vogel v. Thiel**
*[Cite as 4 AOA 89]*

*Case No. 16-89-6*
*Wyandot County, (3rd)*
*Decided June 26, 1990*

*Messrs. Hanna & Hanna, Mr. Drew A. Hanna, Attorney at Law, Hanna Law Building, Bowling Green, Ohio 43402-0025, for Appellant.*

*Messrs. Roth & Bacon, Mr. David F. Bacon, Attorney at Law, 50 Court Street, Upper Sandusky, Ohio 43351, for Appellee.*

SHAW, P.J.

This is an appeal from a judgment entered in the Probate Division, Court of Common Pleas of Wyandot County, ordering attorney fees for Attorney David F. Bacon in the amount of Three Thousand Six Hundred Fifteen Dollars ($3,615) arising from the unsuccessful defense of a writing purporting to be the Last Will and Testament of Goldie Gottfried, Deceased.

The decedent died on April 18, 1987, and two wills were subsequently offered for probate. The first will, which was executed on July 22, 1964, equally divided her estate between her three children and her grandson. On June 24, 1987, a second will was offered for probate as a later will. This will left the majority of the decedent's estate to her daughter, Kathlyn Thiel. This will was the subject of a will contest action wherein Kathlyn Thiel, as executrix-beneficiary, retained Attorney Bacon as legal counsel in order to defend the will. At the conclusion of the will contest trial, the jury determined that the 1987 will was invalid. Subsequently, the attorneys for the executrix-beneficiary applied for attorney fees pursuant to R. C. 2107.75.

Following a hearing in the matter of the attorneys fees, the probate court entered judgment granting the application for attorney fees. Appellant assigns two errors to the judgment, in essence, alleging the probate court's abuse of discretion in awarding attorney fees for defending a will procured by fraud.

R. C. 2107.75 provides that:

"[w]hen the jury or court finds that the writing produced is not the last will and testament * * * of the testator, the trial court shall allow as part of the costs of administration such amounts to the fiduciary and to the attorneys defending such purported last will * * * as the trial court finds to be reasonable compensation for the services rendered in such contest. * * *."

The probate court herein authorized the payment of $3,615 from the estate funds as the reasonable amount for legal services rendered to the estate in defense of this will. Ordinarily, absent an abuse of discretion, a reviewing court will not substitute its judgment as to the reasonableness of allowing such fees. *In re Estate of Whitmore* (1983), 13 Ohio App. 3d 170.

However, whether an attorney who is employed by an executrix-*beneficiary* of a contested

will which is later found to be invalid can recover attorney fees from the estate pursuant to R. C. 2107.75 is determined by the circumstances surrounding the will contest. *In re Estate of Zonas* (1989), 42 Ohio St. 3d 8, 0. In *Zomas, supra,* the Ohio Supreme Court observed that where the "executor had a personal interest in the will contest or if his actions were not beneficial to the estate, attorney fees generally [are] denied." *Id.* See also *In re Estate of McAlpin* (1897), 8 Ohio Dec. 654. The *Zonas* court held that "[t]he controlling factor concerning whether an executor will be reimbursed is 'his personal interest or lack thereof in the result of the contest.'" *Id.* (citing *In re Estate of Curry* (1917), 20 Ohio N.P. (N.S.) 49, 59, 27 Ohio Dec. 485, 489.)

In the instant case, our review of the proceedings leads us to the conclusion that the probate court improperly granted the appellee's motion for attorney fees inasmuch as "the legal services were performed primarily for the personal interest of the [executrix] and not for the benefit of the entire estate." *Zonas, supra* at 12. See also *In re Estate of Hatt* (App. 1949), 54 Ohio Law Abs. 317, 87 N.E. 2d 268.

Herein, the appellee was both the executrix and the sole beneficiary under the 1987 will. Her interest in the will contest was a personal one. The outcome of the contest had a personal and direct effect upon her alone and not the entire estate. Clearly, her interest in defending the will contest was primarily to protect her own share and not to benefit the entire estate.

As the court stated in *In re Estate of Curry, supra* at 56:

"In view of the fact that she was a legatee and because thereof directly interested in sustaining the validity of said will, it is quite probable that her assumption of the defense of said will was not entirely a disinterested effort on her part as executrix to maintain the will regardless of any personal interest she may have had in the result of the contest. On the contrary, it is quite natural that in making said defense she was largely, if not entirely, controlled because of her personal interest in sustaining the will. If so, the case would fall within the general rule that an administrator or executor can not be allowed counsel fees incurred for services rendered in defense of his own personal interest, or where the litigation is in reality between beneficiaries, and not for the benefit or in the interest of the estate as a whole." (citing *In re Whitlow's Estate,* 184 Mo. App. 229, 246, 247.)

Further, the Ohio Supreme Court has held that R. C. 2107.75 applies "only when the executor or administrator retains counsel which is necessary for the benefit of the entire estate. * * * R. C. 2107.75 is applicable only to the fiduciary and the fiduciary's attorney. Neither beneficiaries nor their attorneys are entitled to compensation under this statute." Zonas, supra at 12. Clearly, the statute is not intended to allow attorney fees to anyone other than a disinterested executrix and her attorney. *Id.* at 13.

In consideration of the foregoing, we conclude that the legal services were rendered to benefit Kathlyn Thiel as a beneficiary not as an executrix and the costs therefore should be borne by her. Accordingly, we find the two assignments of error are well-taken, although not for the reasons advanced by the appellant.

Nevertheless, we reverse the judgment of the probate court and remand for proceedings consistent with our holding herein.

*Judgment reversed and
cause remanded.*

MILLER and EVANS, J.J., concur.