OPINION
{¶ 1} Defendants-appellants, Leander E. Crock, et al., appeals from the order of the Noble County Common Pleas Court awarding $45,000 in attorney's fees to plaintiff-appellee, Janet Braglin, because appellants violated Ohio's Deceptive Trade Practices Act.
 {¶ 2} In November 1997, appellee's late husband, Andrew Braglin (Braglin), was diagnosed with cancer. He sought the alternative treatment of appellants' "aura therapy". Although appellants guaranteed that they could relieve persons of suffering from cancer and other ailments, Braglin died in March 1998.
 {¶ 3} Following her husband's death, appellee received numerous phone calls asking about Braglin's treatment of the "aura therapy". Appellee learned that the calls were the result of a consensual publication of Braglin's name and phone number in an advertisement stating that Braglin was successfully cured.
 {¶ 4} In September 1999, appellee filed a complaint against appellants alleging nine (9) causes of action, which included: intentional infliction of emotional distress; negligent infliction of emotional distress, two (2) claims of invasion of privacy, negligence, Deceptive Trade Practices Act Violation, false or misleading description representation of fact, and two (2) claims of alleged civil action based upon criminal act.
 {¶ 5} On October 28, 2002, the trial court found appellants in violation of R.C. 4165.02, the Deceptive Trade Practices Act, and found that appellee had not sustained her burden as to the other eight causes of action against the appellants. The trial court issued a permanent injunction against appellants, and awarded appellee $20,000 in attorney fees for prosecution of this claim, pursuant to R.C. 4165.03.
 {¶ 6} On November 22, 2002, appellee filed a motion for reconsideration of calculation of the award for attorney fees, seeking $44,788.75. In doing so, she argued that the trial court should award attorney fees based on the consideration of the time and labor involved in maintaining the litigation; the novelty, complexity and difficulty of the questions involved; the professional skill required to perform the necessary legal services; the experience, reputation, and ability of the attorneys; and the miscellaneous expenses of the litigation. Appellants then filed a brief requesting that the court decrease the amount of the judgment and instead award appellee only that percentage of claims in which she was successful in bringing, compared to the amount she was now seeking.
 {¶ 7} On March 12, 2004, the trial court found the "Plaintiff's [appellee's] position to be well taken", and ordered that the award for attorney fees be modified in the amount $45,000.
 {¶ 8} On April 9, 2004, appellants filed an appeal based upon the decision of the trial court's award for both the October 28, 2002 order, and the March 12, 2004 order. On May 19, 2004, this court found that appellants failed to file a timely appeal based upon the October 28, 2002 judgment. Accordingly, this court limited appellants' appeal to the March 12, 2004 judgment of the trial court. This appeal followed.
 {¶ 9} Appellants' first and second assignments of error state, respectively:
 {¶ 10} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING APPELLEE ATTORNEY FEES FOR PROSECUTION OF ALL CLAIMS CONTAINED IN THE COMPLAINT."
 {¶ 11} "THE COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO CONSIDER THE IMPORTANT FACTOR OF `RESULTS OBTAINED' REQUIRED UNDER THE BITTNER RULE."
 {¶ 12} Due to the commonality and the lack of evidence for resolution of appellants' first and second assignment of error, both will be addressed together, instead of separate arguments.
 {¶ 13} Both of appellants' assignments of error argue that the trial court's award of $45,000 was unreasonable. Appellants argue that appellee was awarded attorney fees for the pursuit of her entire case, instead of being awarded the amount for which she was a prevailing plaintiff. Appellants point out that appellee was only successful in one out of her nine causes of action against them.
 {¶ 14} Meanwhile, appellee argues that the amount of the award for attorney fees was reasonable because the claims were all interrelated and based on the same operative facts. Additionally, appellee argues that the claims are so similar it would have taken approximately the same amount of time to evaluate, and bring suit on either one or all nine claims, since the same set of facts would have been reviewed and applied to the case regardless of the number of claims.
 {¶ 15} The standard of review for an award of attorney fees is abuse of discretion. Motorists Mut. Ins. Co. v. Brandenburg
(1995), 72 Ohio St.3d 157, 160, 648 N.E.2d 488. "`Abuse of discretion' means unreasonable, arbitrary, or unconscionable."State ex rel. Cranford v. Cleveland, 103 Ohio St.3d 196,2004-Ohio-4884, 814 N.E.2d 1218, ¶ 24.
 {¶ 16} It is well-settled law that if there is no statutory provision for attorney fees, the prevailing party is not entitled to fees under the American rule unless the party against whom the fees are to be assessed is found to have acted in bad faith, vexatiously, wantonly, obdurately or for oppressive reasons.Sharp v. Norfolk W. Ry. Co. (1995), 72 Ohio St.3d 307, 314,649 N.E.2d 1219, citing Sorin v. Warrensville Hts. School Dist.Bd. Of Edn. (1976), 46 Ohio St.2d 177, 181, 75 O.O.2d 224,347 N.E.2d 527. In this case, Ohio's Deceptive Trade Practices Act provides for an award of attorney fees. R.C. 4165.03(B) allows a trial court to award reasonable attorney's fees to a successful plaintiff if the defendant has willfully engaged in a trade practice listed in R.C. 4165.02(A) knowing it to be deceptive.
 {¶ 17} The party moving for attorney's fees has the burden to present sufficient evidence of services performed and the reasonable value thereof. Dombroski v. Dombroski (Sept. 28, 1999), 7th Dist. No. 506. Additionally, the Ohio Supreme Court requires the trial court to explain how it reached its figure.Bittner v. Tri-County Toyota, Inc. (1991), 58 Ohio St.3d 143,145-146, 569 N.E.2d 464. In Bittner, the Court was reviewing the reasonableness of a fee award made pursuant to R.C.1345.09(F)(2), which states that a reasonable attorney fee limited to work reasonably performed may be awarded against a supplier who knowingly violates the deceptive sales practices act. The Court held that the starting point is the number of hours reasonably expended multiplied by a reasonable hourly rate. Id. at 145 (noting that the attorneys submitted well-documented time reports and testified about their hourly rate). However, the Court stated that this multiplication of reasonable hours and rate does not end the inquiry. The court may modify the product upward or downward based upon its consideration of the factors listed in DR 2-106(B). These factors are: time and labor involved; novelty and difficulty of the issues; professional skill required; inability to accept other cases; fee customarily charged; amount at stake and results obtained; time limitations; nature of client relationship; experience, reputation and ability of attorney; and whether the fee is fixed or contingent.
 {¶ 18} In this case, the trial court failed to state any clear basis for its determination in order to conduct any kind of significant or proper review of the issues argued by appellants. To support the attorney fees award for appellee, the trial court simply stated, "this Court hereby finds Plaintiff's position to be well taken and orders modification of the prior decision that the finding of attorney fees awarded to Plaintiff shall be in the amount of $45,000." The only evidence in the record to support this judgment is appellee's memorandum in support of her motion for reconsideration of attorney fees. However, appellee's motion fails to state that the court should take into consideration the factor of "results obtained." "This factor is particularly crucial where a plaintiff is deemed `prevailing' even though he succeeded on only some of his claims for relief." Hensley v.Eckerhart (1983), 461 U.S. 424, 434, 103 S.Ct. 1933,76 L.Ed.2d 40. See, also, Freeman v. Crown City Mining, Inc. (1993),90 Ohio App.3d 546, 555, 630 N.E.2d 19.
 {¶ 19} Therefore, we have no alternative but to remand the matter back to the trial court for it to provide its reasoning for determining that an award of attorney fees is justified. Moreover, said court must also set forth its methodology in determining the amount of attorney fees with sufficient specificity so as to satisfy the criteria contemplated byBittner. The DR2-106(B) factors to be considered are time and labor involved; novelty and difficulty of the issues; professional skill required; inability to accept other cases; fee customarily charged; amount at stake and results obtained; time limitations; nature of client relationship; experience, reputation and ability of attorney; and whether the fee is fixed or contingent.
 {¶ 20} Appellants' third assignment of error states:
 {¶ 21} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN INITIALLY AWARDING ATTORNEY FEES IN THE SUM OF $20,000.00 AS THE RECORD IS DEVOID OF ANY BASIS UPON WHICH ANY SUCH AWARD COULD BE ORDERED."
 {¶ 22} Appellants' argument under this assignment of error is based upon the trial court's October 28, 2002 judgment. Therefore, this argument is beyond the scope of this appeal. On May 19, 2004, this Court issued a Journal Entry stating that, "the parties were timely notified of the October 28, 2002 judgment and appellants failed to timely file a Notice of Appeal from that judgment, this appeal is limited to review of the March 12, 2004 order."
 {¶ 23} Accordingly, appellants' third assignment of error is without merit.
 {¶ 24} The judgment of the trial court is hereby reversed and this matter is remanded on the issue of the additional attorney's fees awarded in the trial court's March 12, 2004 order.
Vukovich, J., concurs.
DeGenaro, J., concurs.