## In re ESTATE OF SZCZOTKA.

[Cite as *In re Estate of Szczotka,* 166 Ohio App.3d 124, 2006-Ohio-1449.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2005–L–042.

Decided March 24, 2006.

Glenn E. Forbes, pro se.

Robert J. DiCello Co., L.P.A., Robert J. DiCello, for appellee Edward W. Brown.

COLLEEN MARY O'TOOLE, Judge.

{¶ 1} Appellant, Glenn E. Forbes, appeals the February 7, 2005 decision of the Lake County Court of Common Pleas, Division of Probate, denying him and his associate, Heather Moseman, attorney fees for an unsuccessful defense of a will contest. We reverse the decision and remand the matter to the probate court.

{¶ 2} Stella Szczotka, age 78, died on or about September 20, 2003, in the geripsychiatric ward at Euclid Hospital. At the time of her death, she suffered

from dementia, depression, and suicidal thoughts. Her only known relative in Ohio was a nephew, Edward Brown.

{¶ 3} In August 2003, Szczotka's long-time neighbor, Darlene Novotney, asked attorney Jamie Swisher to prepare a power of attorney and will for Szczotka. Swisher prepared the power of attorney, making Darlene's husband, Bernard Novotney Sr., Szczotka's attorney in fact, but refused to prepare a will, believing that Szczotka lacked testamentary capacity. Bernard used the power of attorney to remove Brown's name from certain bank accounts held by his aunt.

{¶ 4} On September 13, 2003, Darlene brought attorney Robert LaForce to meet Szczotka, and LaForce agreed to prepare a will, which was executed that day. The instrument left $500 to Brown, with the residue of Szczotka's considerable assets (eventually valued in excess of $335,000) to be split between Darlene and Bernard Novotney. Bernard was executor under this will, which was filed with the probate court three days following Szczotka's death.

{¶ 5} Brown decided to contest the will, and Bernard decided to defend it. Bernard hired the Painesville firm of Cooper & Forbes, which assigned the case to Forbes, a principal, with 25 years of experience in litigating but little recent probate experience, and Moseman, an associate admitted to the bar for little more than a year but with an interest in probate. Forbes's rate was $200 per hour, and Moseman's was $100. In the agreement with Cooper & Forbes, Bernard was described as the executor of the Szczotka estate, though he failed to use that title in signing the agreement.

{¶ 6} The parties to the will contest agreed to binding arbitration. A hearing was held on October 15, 2004; the arbitrator issued her report and decision on November 4, 2004. The arbitrator determined that Szczotka had lacked testamentary capacity when she executed the September 13, 2003 will, that she had been subjected to elements of undue influence by the presence of Darlene while the will was being prepared and executed, and that LaForce had failed to properly assure himself of her testamentary capacity or to rule out the presence of undue influence.

{¶ 7} By a judgment entry dated November 16, 2004, the probate court removed Bernard as executor and appointed Brown administrator of his aunt's estate. With the successful conclusion of his will contest, Brown became the sole inheritor of his aunt's estate.

{¶ 8} LaForce moved the probate court for attorney fees and additional fees. Bernard moved the court for executor fees and extraordinary executor fees—the latter item addressing his expenses for the will contest. Forbes moved the court for attorney fees and expenses arising from the unsuccessful defense of the will.

{¶ 9} The court held a hearing on January 27, 2005. By a judgment entry dated February 7, 2005, the court granted LaForce's motion for attorney fees in the amount of $3,792 and struck his motion for additional fees. It granted Bernard executor fees of $5,900 but denied him any fees relating to the will contest. Finally, after lengthy analysis, it denied Forbes any fees or expenses. The probate court premised this last decision on two conclusions: (1) that there was no showing that the defense of the will contest benefited the entire estate, as required by R.C. 2107.75 which was interpreted by *In re Estate of Zonas* (1989), 42 Ohio St.3d 8, 536 N.E.2d 642, and its progeny, and (2) that there was no showing that the bill submitted for $25,369.55 was reasonable, pursuant to Sup.R. 71(A) and DR 2–106.

{¶ 10} Forbes timely appealed, making two assignments of error:

{¶ 11} "(1) The probate court of Lake County was in error in finding that the fees charged to the Estate of Stella Szczotka were not reasonable; and

{¶ 12} "(2) The probate court of Lake County erred in determining that Mr. Forbes was not hired as counsel for the executor and thus entitled to attorney fees from the estate for the defense of the will contest."

{¶ 13} We analyze the assignments of error in reverse order, since the determination of whether an attorney fee is reasonable necessarily postdates a determination of whether it is available at all.

{¶ 14} "A reviewing court will not substitute its judgment as to the reasonableness of allowing attorney fees absent an 'abuse of discretion.' * * * The term 'abuse of discretion' implies that the court's ruling was 'unreasonable, arbitrary, or unconscionable.' * * * Therefore, to find an abuse of discretion, we must hold that the trial court committed more than an error of judgment." *In re Estate of Carr* (Nov. 20, 1996), 4th Dist. No. 96CA1713, at 3–4, 1996 WL 679991, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 15} The long-standing rule in Ohio has been that an executor is not bound to defend a will contest. *Exrs. of Andrews v. His Admrs.* (1857), 7 Ohio St. 143, syllabus. Further, if an executor did defend a will, and lost, the expenses of the defense were not chargeable to the estate. Id. "Even where an executor successfully defended a contested will, an award of attorney fees was not automatic." *Zonas*, 42 Ohio St.3d at 9, 536 N.E.2d 642. Attorney fees were generally denied if the executor had a personal interest in the will or if his actions did not benefit the entire estate. Id.

{¶ 16} Commencing in 1945, the General Assembly passed certain statutes regulating the availability of attorney fees in will contests. *Zonas,* 42 Ohio St.3d at 9–10, 536 N.E.2d 642. Current R.C. 2107.75 provides:

{¶ 17} "When the jury or the court finds that the writing produced is not the last will and testament or codicil of the testator, the trial court shall allow as part of the costs of administration such amounts to the fiduciary and to the attorneys defending such purported last will or purported codicil as the trial court finds to be reasonable compensation for the services rendered in such contest. The court shall order such amounts to be paid out of the estate of the decedent."

{¶ 18} Despite the mandatory language used in R.C. 2107.75, the Ohio Supreme Court has interpreted it in compliance with the former common law: "R.C. 2107.75 applies only when the executor * * * retains counsel which is necessary for the benefit of the entire estate." *Zonas,* 42 Ohio St.3d at 12, 536 N.E.2d 642. Further, "R.C. 2107.75 is applicable only to the fiduciary and the fiduciary's attorney." Id.

{¶ 19} Several appellate courts have considered cases like this one, in which an estate's fiduciary is also a beneficiary under a contested will. In *Vogel v. Thiel* (June 26, 1990), 3d Dist. No. 16–89–6, at 1–2, 1990 WL 88777, appeal was taken from the probate court's award of attorney fees for the unsuccessful defense of a purported will by the executor and major beneficiary thereunder. The will finally determined to be valid named four equal beneficiaries, including the executor/beneficiary of the purported will. Id. The Third District held that the award of fees was an abuse of discretion, since the executor/beneficiary of the purported will was the only person who might have benefited from the will contest. Id. at 4–5, 1990 WL 88777.

{¶ 20} *In re Estate of Dawson* (1996), 117 Ohio App.3d 51, 53–54, 689 N.E.2d 1008, presented the Second District with a denial of attorney fees to an executor for defending an action concerning the validity of an antenuptial agreement between the testator and her late husband. The antenuptial agreement required the testator to bequeath her entire estate to her stepchildren; by her will, she divided the estate between her stepchildren and nephews and nieces, including her executor. Id. at 54, 689 N.E.2d 1008. The antenuptial agreement was ultimately upheld. Id. at 55, 689 N.E.2d 1008.

{¶ 21} The Second District held that it was an abuse of discretion to deny attorney fees for defense against the stepchildren seeking to enforce the antenuptial agreement. *Dawson,* 117 Ohio App.3d at 56–61, 689 N.E.2d 1008. That court observed that beneficiaries were often also fiduciaries under wills and that there must be further evidence to show that a fiduciary/beneficiary was acting solely in his or her own interest in defending a purported will, other than the

mere coincidence of interest. Id. at 60, 689 N.E.2d 1008. The Second District noted approvingly that the executor/beneficiary in *Dawson* had hired a personal attorney to represent the beneficial interests of the testator's nephews and nieces, as well as an attorney to represent her in her fiduciary capacity. Id. at 54, 60, 689 N.E.2d 1008.

{¶ 22} In *Carr*, 4th Dist. No. 96CA1713, at 1–2, 1996 WL 679991, the Fourth District considered a case in which two wills were presented for probate. By the first, the testator's husband was the sole beneficiary. Id. at 1, 1996 WL 679991. Under the second, her son was disinherited and her estate was divided equally between two of her three grandchildren, one of whom became executor. Id. at 1–2, 1996 WL 679991. The testator's son contested this second will and won, it being determined that the testator was subject to undue influence and/or was mentally incompetent at the time of its execution. Id. at 2, 1996 WL 679991.

{¶ 23} The executor/beneficiary of the second will applied for attorney fees for its unsuccessful defense, which the probate court granted. Id. On appeal, the Fourth District affirmed. Id. at 2, 6, 1996 WL 679991. Its analysis is pertinent to the case instant:

{¶ 24} "[H]ere, the executrix was not the sole beneficiary of the contested will. Under the later will, [the executrix] was one of two beneficiaries who were each bequested one-half of the decedent's estate. The outcome of the will contest did not affect the executrix alone, but also affected [the other grandchild's] fifty percent interest in the decedent's estate. Thus, the defense of the purported last will was in the interest of the estate, not solely in the interest of the executrix. Furthermore, it was beneficial to the administration of the entire estate to determine the proper distribution of estate assets." *Carr*, 4th Dist. No. 96CA1713, at 5, 1996 WL 679991.

{¶ 25} In concluding that attorney fees were not warranted in the case at bar, the probate court relied heavily on several factors. Those factors include Bernard's failure to sign the agreement of representation with the title "executor"; his testimony on direct examination that he entered into the agreement with appellant as both executor and beneficiary; the fact that he failed to hire personal counsel, unlike the executor/beneficiary in *Dawson*, 117 Ohio App.3d 51, 689 N.E.2d 1008; and the fact that the interests of his wife, Darlene, the other principal beneficiary under the purported will, were the same as his own.

{¶ 26} The factors weighed by the probate court are significant but are not controlling. By R.C. 2107.75, the General Assembly has determined that attorney fees should be available for fiduciaries who defend purported wills; the chief limitation placed on this determination by case law is that the defense provided must benefit the entire estate. *Zonas*, 42 Ohio St.3d at 12, 536 N.E.2d 642. This case is, essentially, on all fours with *Carr*, 4th Dist. No. 96CA1713, 1996 WL

679991. The intent of the purported will, in each case, was to divide the estate of the testator equally between the fiduciary/beneficiary and one other beneficiary. Necessarily, a successful defense of the purported will, in each case, would have benefited the entire estate *as contemplated by that instrument.*

{¶ 27} This situation is easily distinguished from that in *Vogel,* 3d Dist. No. 16–89–6, 1990 WL 88777, in which the executor of the purported will was the principal beneficiary of that instrument. And while the action of the executor/beneficiary in *Dawson,* 117 Ohio App.3d 51, 689 N.E.2d 1008, in hiring personal counsel to represent her interest as a beneficiary was admirable, nothing mandates it. All that the law requires is that the defense of the purported will benefit the entire estate. This benchmark was reached in this case.

{¶ 28} The second assignment of error is well taken.

{¶ 29} Regarding the first assignment of error, the reasonableness of a particular application for attorney fees is also reviewed for abuse of discretion. *Motorists Mut. Ins. Co. v. Brandenburg* (1995), 72 Ohio St.3d 157, 160, 648 N.E.2d 488. "The party moving for attorney's fees has the burden to present sufficient evidence of services performed and the reasonable value thereof." *Braglin v. Crock,* 7th Dist. No. 04–NO–318, 2005-Ohio-6935, 2005 WL 3537690, at ¶ 17. Pursuant to *Bittner v. Tri–County Toyota, Inc.* (1991), 58 Ohio St.3d 143, 145, 569 N.E.2d 464, the trial court should first multiply the number of hours reasonably expended by a reasonable rate. It should then adjust the figure obtained by the factors set forth at DR 2–106, pursuant to Sup.R. 71(A). Cf. *Braglin* at ¶ 17. "These factors are: time and labor involved; novelty and difficulty of the issues; professional skill required; inability to accept other cases; fee customarily charged; amount at stake and results obtained; time limitations; nature of client relationship; experience, reputation and ability of attorney; and whether the fee is fixed or contingent." Id. The trial court must explain the figure it reaches. Id.

{¶ 30} In the case instant, attorneys Forbes and Moseman submitted a fairly detailed bill, though Moseman admitted that she could not recall the purpose of the "miscellaneous" services provided on certain dates. Forbes and Moseman testified regarding their experience and hourly rates. Bernard testified that he was generally satisfied with the services rendered and the fees charged. Indeed, evidence regarding most of the *Bittner* factors was adduced before the probate court and was very properly noted by it in its opinion.

{¶ 31} In the end, however, the probate court does not actually explain how and why it reached the conclusion that Forbes had not proven the reasonableness of the fees and expenses submitted. Thus, regarding the first assignment of

error, we must respectfully remand the cause, with an instruction that the . probate court analyze, under *Bittner,* 58 Ohio St.3d 143, 569 N.E.2d 464, why the fees and expenses submitted were not proven by Forbes and Moseman. Cf. *Braglin,* 7th Dist. No. 04–NO–318, 2005-Ohio-6935, 2005 WL 3537690, at ¶ 19.

{¶ 32} The decision of the Lake County Court of Common Pleas, Division of Probate, is reversed, and the matter is remanded with instructions that the court set forth its reasoning and methodology in determining that the fees and expenses requested by appellant were not proven.

Decision reversed
and cause remanded.

O'NEILL, J., concurs.

RICE, J., dissents.

CYNTHIA WESTCOTT RICE, Judge, dissenting.

{¶ 33} Because the majority's decision is an improper substitution of its judgment for that of the trial court, and because the majority misapplies the decision of the Ohio Supreme Court in *In re Estate of Zonas* (1989), 42 Ohio St.3d 8, 536 N.E.2d 642, I respectfully dissent.

{¶ 34} In *Zonas,* the Supreme Court applied R.C. 2107.75 and noted, "If an executor's actions do not benefit the entire estate but instead are merely done to benefit himself personally, then his fees and his attorney fees generally are disallowed." Id. at 12, 536 N.E.2d 642. Also, in deciding whether to award attorney fees from a decedent's estate, courts should consider whether the executor acted in good faith either in propounding the will to probate or in defending it. Id. at 11, 536 N.E.2d 642. Finally, *Zonas* precludes the recovery of attorney fees for the beneficiaries of a defeated will, or for their attorneys. Id. at syllabus. Here, the trial court applied *Zonas* and concluded that appellants were not entitled to attorney fees under R.C. 2107.75. We may reverse that decision only if we find that the trial court abused its discretion.

{¶ 35} Bernard had an extraordinary interest as a beneficiary in defending the will contest. He and his wife stood to inherit approximately $335,000 if the will was found valid. When the will was found invalid, Bernard and his wife received nothing. Thus, this case is readily distinguishable from *Carr,* 4th Dist. No. 96CA1713, 1996 WL 679991, on which the majority relies. There, the estate was to be divided between the executor/beneficiary, who was a grandchild of the decedent, and another grandchild. Id. at 1–2, 1996 WL 679991. Thus, the executor's interest in seeing the will upheld was not solely for her benefit. Here, to assume as the majority does that Bernard's interests as executor/beneficiary were any different from his wife's is to ignore reality.

{¶ 36} A more appropriate case to apply in deciding the instant case is *Vogel v. Thiel* (June 26, 1990), 3rd Dist. No. 16–89–6, 1990 WL 88777. In that case, the court, applying *Zonas,* 42 Ohio St.3d 8, 536 N.E.2d 642, found that "the controlling factor concerning whether an executor will be reimbursed is 'his personal interest or lack thereof in the result of the contest.'" Id. at 3, 1990 WL 88777, quoting *Zonas,* 42 Ohio St.3d at 9, 536 N.E.2d 642. Here, as in *Vogel,* Bernard's interest in defending the will was almost entirely based on his interest in seeing the overwhelming majority of the decedent's estate distributed to him and his wife. Appellants failed to show how Bernard's actions benefited the estate.

{¶ 37} The trial court acknowledged that an executor who is also a beneficiary might be entitled to attorney fees under R.C. 2107.75; however, the trial court found that Bernard had a substantial personal interest in the will-contest action, as did his wife, who held a parallel interest. The trial court also found that Bernard's actions in defending the will contest did not benefit the estate. Finally, Bernard and his wife arranged for the preparation of a will after an attorney had refused to do so because the decedent, who was in a geripsychiatric ward suffering from dementia, lacked testamentary capacity. These facts support the court's reliance on *Zonas,* 42 Ohio St.3d 8, 536 N.E.2d 642. In overruling the trial court's judgment, the majority improperly substitutes its judgment for that of the trial court. I would affirm the trial court's decision with respect to appellants' second assignment of error and would find appellants' first assignment of error moot. Therefore, I respectfully dissent.