[Cite as *O'Neill v. Tanoukhi*, 2011-Ohio-2626.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| SELINA O'NEILL, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-MA-45 |
| | ) | |
| MICHAEL TANOUKHI dba 4 WHEELS, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
                             Pleas of Mahoning County, Ohio
                             Case No. 06CV907

JUDGMENT:                    Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellant          Atty. Ronald L. Burdge
                                 Atty. Elizabeth A. Wells
                                 2299 Miamisburg-Centerville Road
                                 Dayton, Ohio 45459-3817

For Defendant-Appellee           Atty. Kristen E. Campbell
                                 8040 Cleveland Avenue NW, Suite 400
                                 North Canton, Ohio 44720

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: May 26, 2011

DONOFRIO, J.

{¶1} Plaintiff-appellant, Selina O'Neill, appeals from a Mahoning County Common Pleas Court judgment awarding her attorney fees in the amount of $5,000 stemming from her lawsuit against defendant-appellee, Michael Tanoukhi, dba, 4 Wheels.

{¶2} Appellant filed a lawsuit against appellee in March 2006, alleging appellee committed unfair and deceptive acts in selling her a used car. The trial court bifurcated the attorney fees issue from the trial on the merits. The parties subsequently settled the merits of the case. Under the terms of the settlement, appellant was the prevailing party and was granted a vehicle free and clear of debt and encumbrances.

{¶3} Appellant next filed her motion for attorney fees and costs. To the motion she attached affidavits from her attorneys and various documents in support. Appellee filed a response, attaching one affidavit. Appellant later filed an amended request stating that her fees totaled $28,045 and her costs totaled $1,947.29. The parties agreed to have the court decide the issue without a hearing. The trial court awarded appellant $5,000 in attorney fees.

{¶4} Appellant filed a timely notice of appeal on March 11, 2010.

{¶5} Appellant raises a single assignment of error, which states:

{¶6} "THE TRIAL COURT ABUSED ITS DISCRETION IN DECIDING PLAINTIFF-APPELLANT'S MOTION FOR ATTORNEY FEES AND COSTS."

{¶7} Appellant breaks her assignment of error down into three sub-issues, all of which allege that the trial court abused its discretion in determining the amount of attorney fees she was entitled to.

{¶8} The standard of review on the issue of attorney fees is abuse of discretion. *Motorists Mut. Ins. Co. v. Brandenburg* (1995), 72 Ohio St.3d 157, 160. Abuse of discretion connotes more than an error of law; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. "'Unless the amount of [attorney] fees determined is so high or so low as to shock the conscience, an appellate court will not interfere.

The trial judge which participated not only in the trial but also in many of the preliminary proceedings leading up to the trial has an infinitely better opportunity to determine the value of services rendered by lawyers who have tried a case before him than does an appellate court.'" *Bittner v. Tri-County Toyota* (1991), 58 Ohio St. 3d 143, 146, quoting *Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.* (1985), 23 Ohio App.3d 85, 91.

**{¶9}** The Consumer Sales Practices Act (CSPA) provides for the award of reasonable attorney fees, limited to the work reasonably performed, if the supplier has knowingly committed an act or practice that violates the CSPA. R.C. 1345.09(F)(2). "Pursuant to R.C. 1345.09(F)(2), a trial court may award a consumer reasonable attorney fees when the supplier in a consumer transaction intentionally committed an act or practice which is deceptive, unfair or unconscionable." *Einhorn v. Ford Motor Co.* (1990), 48 Ohio St.3d 27, at the syllabus.

**{¶10}** First, appellant argues that the trial court abused its discretion in failing to give an explanation for its decision. Appellant relies on the guidelines for calculating attorney fees set out in *Bittner*, 58 Ohio St. 3d 143.

**{¶11}** According to *Bittner*, "[w]hen awarding reasonable attorney fees pursuant to R.C. 1345.09(F)(2), the trial court should first calculate the number of hours reasonably expended on the case times an hourly fee, and then may modify that calculation by application of the factors listed in DR 2-106(B)." Id. at the syllabus.

**{¶12}** Since *Bittner* was decided, the Rules of Professional Conduct have replaced the Code of Professional Responsibility in Ohio. So now the factors set out

in Prof.Cond.R. 1.5(a) apply as they are based on former DR 2-106(B).[1] *Unick v. Pro-Cision, Inc.*, 7th Dist. No. 09-MA-171, 2011-Ohio-1342, at ¶30.

**{¶13}** Appellant points out that the trial court never stated how many hours it determined were reasonable, what it determined to be a reasonable hourly rate, or what, if any, of the Prof.Cond.R. 1.5(a) factors applied. Appellant claims that this lack of explanation was in error and leaves this court of appeals with no way to conduct a meaningful review. Therefore, she contends that we must reverse and remand the trial court's judgment so that the trial court can apply the *Bittner* guidelines.

**{¶14}** In its judgment entry, the trial court stated: "Upon the consideration of the briefs and exhibits submitted by the parties, and applying the appropriate standards set forth by the Ohio Supreme Court and the Rules of Professional Conduct 1.5, the Court hereby awards the Plaintiff her reasonable attorney fees in the amount of $5000.00 on her claim of violation of the consumer sales practices act."

**{¶15}** In *Bittner*, the Court was faced with examining the reasonableness of the trial court's award of attorney fees. The trial court had not given its reasons for how it arrived at the award that it did. The Court stated:

**{¶16}** "In making the fee award determination, the trial judge did not award either of Bittner's attorneys the fee amount requested. Thus, in making its final determination, the trial court apparently took into consideration other factors. Presumably, sufficient evidence was presented to support the award made by the

---

1 **{a}** Prof.Cond.R. 1.5(a) prohibits excessive fees:

**{b}** "(a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

**{c}** "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

**{d}** "(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

**{e}** "(3) the fee customarily charged in the locality for similar legal services;

**{f}** "(4) the amount involved and the results obtained;

**{g}** "(5) the time limitations imposed by the client or by the circumstances;

**{h}** "(6) the nature and length of the professional relationship with the client;

**{i}** "(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

**{j}** "(8) whether the fee is fixed or contingent."

trial judge. However, it is not possible to determine what factors the court considered or the weight, if any, it placed on those factors. When making a fee award pursuant to R.C. 1345.09(F)(2), the trial court must state the basis for the fee determination. Absent such a statement, it is not possible for an appellate court to conduct a meaningful review." *Bittner*, 58 Ohio St.3d at 146.

**{¶17}** Appellee contends, however, that this court has held that such a statement by the trial court is not required. Appellee relies on *Buist v. Columbiana Buick Olds Cadillac Inc.* (Feb. 1, 2001) 7th Dist. No. 99-CA-183. In *Buist*, the trial court denied the appellant's request for attorney fees. The issue was whether the appellee knowingly committed a consumer sales practice violation, which would have entitled the appellant to attorney fees. On appeal, we stated:

**{¶18}** "The trial court, by Judgment Entry, entered a general denial of Appellant's motion seeking attorney's fees. Appellant did not request a hearing on his motion, leaving this Court with no hearing transcript to review. Appellant did not request findings of fact and conclusions of law once his motion was denied. Civ.R. 52 provides a means to obtain separate findings of fact and conclusions of law on which a reviewing court can examine the trial court's judgment. Where a party does not request findings of fact and conclusions of law, a reviewing court will presume that the trial court considered all of the relevant factors in making its decision." Id.

**{¶19}** While this case does have some similarities to *Buist*, i.e. appellant did not request finding of fact and conclusions of law and the parties agreed to submit the matter on their briefs and exhibits, it is nonetheless distinguishable. In this case, the parties agreed that appellant was entitled to attorney fees and the issue was only as to the amount. The trial court here was not faced with determining whether appellee had knowingly committed a consumer sales practice violation. Instead, the court was ready to apply the *Bittner* test. However, the court failed to explain how it applied the test in reaching its award.

**{¶20}** Furthermore, in more recent cases, this court has applied *Bittner's* rule requiring a trial court to state the basis for its fee determination in order for an

appellate court to conduct a meaningful review.  On at least two occasions, we have reversed and remanded the trial court's fee award because the trial court did not provide the basis for its fee determination.  See *Harper v. Dog Town, Inc.*, 7th Dist. No. 08-NO-348, 2008-Ohio-6921, at ¶31 ("In this case, the trial court appears to have made the same type of error described in *Braglin*. The trial court did not explain how the amount of attorney fees it awarded satisfied the factors to be used when determining an appropriate amount of attorney fees."); *Braglin v. Crock*, 7th Dist. No. 04-NO-0318, 2005-Ohio-6935, at ¶¶18, 19 ("In this case, the trial court failed to state any clear basis for its determination in order to conduct any kind of significant or proper review of the issues argued by appellants. * * * Therefore, we have no alternative but to remand the matter back to the trial court for it to provide its reasoning for determining that an award of attorney fees is justified.")  And in neither case is there any mention of the parties requesting findings of fact and conclusions of law.  Other courts have also reversed and remanded fee awards because the trial court did not provide the basis for its fee determination.  See *Grieselding v. Krischak*, 6th Dist. No. L-06-1010, 2007-Ohio-2668; *Santoscoy v. Ganley Nissan, Inc.* (Sept. 2, 1999), 8th Dist. No. 75957.

**{¶21}** Thus, the trial court erred in failing to set out its reasons for selecting the attorney fee award that it did.

**{¶22}** Appellant secondly argues that the trial court abused its discretion by failing to award her any costs for litigation expenses despite her evidence of reasonable costs.

**{¶23}** Once the trial court gives a detailed explanation of its award, it will likely explain why it chose not to make an award for costs.

**{¶24}** Finally, appellant argues that the trial court abused its discretion when, without explanation, it rejected eight affidavits on the reasonableness of the hourly rates for her counsel and two affidavits on the reasonable number of hours to litigate this case.

**{¶25}** Once again, when the trial court explains its award of fees, it will necessarily go into a discussion of the evidence.

**{¶26}** Accordingly, appellant's sole assignment of error has merit.

**{¶27}** For the reasons stated above, the trial court's judgment is hereby reversed and the matter is remanded. On remand, the trial court should set forth its methodology in determining the amount of attorney fees with sufficient specificity so as to satisfy the criteria contemplated by *Bittner*.

Vukovich, J., concurs.

DeGenaro, J., concurs.