[Cite as *Scipio v. Used Car Connection, Inc.*, 2012-Ohio-891.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| SHOFFON SCIPIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-MA-186 |
| | ) | |
| USED CAR CONNECTION, INC. | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
                              Pleas of Mahoning County, Ohio
                              Case No. 08CV3269

JUDGMENT:                     Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellant       Atty. Cherie H. Howard
                              11 Central Square, Suite 800
                              Youngstown, Ohio 44503

For Defendant-Appellee        Atty. Diane S. A. Vettori
                              60 Westchester Drive, Suite 1
                              Austintown, Ohio 44515

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: February 29, 2012

DONOFRIO, J.

{¶1} Plaintiff-appellant, Shoffon Scipio, appeals from a Mahoning County Common Pleas Court judgment finding that her counsel was entitled to attorney's fees of $3,500.

{¶2} On August 13, 2008, appellant filed a complaint against defendant-appellee, Used Car Connection, Inc., alleging violations of the Retail Installment Sales Act and the Consumer Sales Practices Act. She later filed a supplemental complaint asserting improper disposition of collateral. Appellee filed a counterclaim alleging appellant failed to make timely payments or to pay a mechanic's bill.

{¶3} On October 22, 2009, appellant filed a motion for summary judgment. A magistrate sustained appellant's motion in part, finding that she was entitled to statutory damages of $600, entitled to judgment on appellee's counterclaim, and, entitled to an award of reasonable attorney's fees to be determined at a later hearing. Neither party filed objections. The trial court subsequently adopted the magistrate's decision and entered judgment accordingly.

{¶4} Next, appellant filed a motion for attorney's fees in the amount of $10,000. She later filed a supplemental motion for attorney's fees in the amount of an additional $4,000 and $300 in costs, which she stated her attorney incurred in establishing her entitlement to a fees award. The magistrate held a hearing on appellant's motion where he heard testimony from appellant's attorney and an expert witness on each side.

{¶5} The magistrate sustained both appellant's motion and supplemental motion. He awarded a total of $10,158 in attorney's fees against appellee.

{¶6} Appellee filed objections to the magistrate's decision arguing that the fee award was excessive. The trial court held a hearing on the objections. The court found that in light of the fact that appellant was absent from the court's jurisdiction for an extensive period of time during the course of the case, the case could not be settled and the efficient administration of justice was frustrated. It modified the magistrate's award to $3,500.

{¶7} Appellant filed a timely notice of appeal on December 15, 2010.

{¶8} Appellant raises three assignments of error. All of her assignments of error assert that the court abused its discretion in making its award of attorney's fees.

{¶9} The standard of review on the issue of attorney fees is abuse of discretion. *Motorists Mut. Ins. Co. v. Brandenburg*, 72 Ohio St.3d 157, 160, 648 N.E.2d 488 (1995). Abuse of discretion connotes more than an error of law; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "'Unless the amount of [attorney] fees determined is so high or so low as to shock the conscience, an appellate court will not interfere. The trial judge which participated not only in the trial but also in many of the preliminary proceedings leading up to the trial has an infinitely better opportunity to determine the value of services rendered by lawyers who have tried a case before him than does an appellate court.'" *Bittner v. Tri-County Toyota*, 58 Ohio St.3d 143, 146, 569 N.E.2d 464 (1991), quoting *Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.*, 23 Ohio App.3d 85, 91, 491 N.E.2d 345 (1985).

{¶10} The Consumer Sales Practices Act (CSPA) provides for the award of reasonable attorney fees, limited to the work reasonably performed, if the supplier has knowingly committed an act or practice that violates the CSPA. R.C. 1345.09(F)(2). "Pursuant to R.C. 1345.09(F)(2), a trial court may award a consumer reasonable attorney fees when the supplier in a consumer transaction intentionally committed an act or practice which is deceptive, unfair or unconscionable." *Einhorn v. Ford Motor Co.*, 48 Ohio St.3d 27, 548 N.E.2d 933 (1990), syllabus.

{¶11} Appellant's first and third assignments of error are very similar. Consequently, we will address them together. They state:

{¶12} "THE TRIAL COURT ABUSED ITS DISCRETION IN DECIDING APPELLANT'S MOTION FOR ATTORNEY'S FEES."

{¶13} "THE TRIAL COURT'S EXPLANATION FOR HOW IT ARRIVED AT ITS FEE DECISION IS ARBITRARY, UNREASONABLE AND UNSUPPORTED BY THE FACTS."

{¶14} Here appellant argues that the trial court failed to engage in a lodestar

calculation or analysis in order to determine the appropriate amount of attorney's fees. She argues that the lodestar amount is presumed to be reasonable. Appellant contends that the court was then to explain how it deviated from the lodestar amount. She contends the court was required to identify specific hours of work that it found to be unnecessary or excessive.

**{¶15}** Attorney Matt Giannini was appellee's expert witness. Atty. Giannini testified that the amount of time necessary to litigate this matter "would probably be somewhere between 15 and 20 hours." (Tr. 73).

**{¶16}** Appellee contends that the trial court took Atty. Giannini's testimony and the $200 hourly rate found to be reasonable by the magistrate to come up with the $3,500 award (17.5 hours x $200 per hour = $3,500).

**{¶17}** While appellee's assertion of how the trial court reached its fee award is certainly possible, we have no way of knowing for sure whether this was the way the court reached its fee award.

**{¶18}** According to *Bittner*, "[w]hen awarding reasonable attorney fees pursuant to R.C. 1345.09(F)(2), the trial court should first calculate the number of hours reasonably expended on the case times an hourly fee, and then may modify that calculation by application of the factors listed in DR 2–106(B)." *Id.* at the syllabus.

**{¶19}** Since *Bittner* was decided, the Rules of Professional Conduct have replaced the Code of Professional Responsibility in Ohio. So now the factors set out in Prof.Cond.R. 1.5(a) apply as they are based on former DR 2-106(B). *Unick v. Pro-Cision, Inc.*, 7th Dist. No. 09-MA-171, 2011-Ohio-1342, ¶30.

**{¶20}** Prof.Cond.R. 1.5(a) prohibits excessive fees:

**{¶21}** "(a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

**{¶22}** "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

**{¶23}** "(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

**{¶24}** "(3) the fee customarily charged in the locality for similar legal services;

**{¶25}** "(4) the amount involved and the results obtained;

**{¶26}** "(5) the time limitations imposed by the client or by the circumstances;

**{¶27}** "(6) the nature and length of the professional relationship with the client;

**{¶28}** "(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

**{¶29}** "(8) whether the fee is fixed or contingent."

**{¶30}** Here the trial court found that a modification of the magistrate's attorney's fees award was reasonable because (1) appellant was absent from the court's jurisdiction for an extended period of time and her counsel was unable to locate her; (2) settlement discussions were had but could not be communicated to appellant due to her unavailability causing an excessive delay; (3) had appellant been available, appellant's counsel would have advised her that a recovery would likely be minimal and that fees would exceed the amount that could be obtained by judgment thereby making settlement offers more attractive; and (4) because of her deliberate absence, the case could not be settled and the "prompt, efficient administration of justice was frustrated."

**{¶31}** In this case, despite its explanation regarding appellant's absence and thwarted settlement negotiations, the trial court never stated how many hours it determined were reasonable, what it determined to be a reasonable hourly rate, or which, if any, of the Prof.Cond.R. 1.5(a) factors applied. The lack of explanation was in error and leaves this court of appeals with no way to conduct a meaningful review. The trial court does state that it considered *Bittner* and the DR 2-106(B) factors, but it does not elaborate any further.

**{¶32}** On several occasions, this court has reversed and remanded attorney's fees cases so that the trial court could properly apply *Bittner*. See *O'Neill v. Tanoukhi*, 7th Dist. No. 10-MA-45, 2011-Ohio-2626; *Harper v. Dog Town, Inc.*, 7th

Dist. No. 08-NO-348, 2008-Ohio-6921; *Braglin v. Crock*, 7th Dist. No. 04-NO-0318, 2005-Ohio-6935.

**{¶33}** Until the trial court provides a detailed judgment entry employing the *Bittner* methodology, we cannot review whether its award of attorney's fees was reasonable.

**{¶34}** Accordingly, appellant's first and third assignments of error have merit.

**{¶35}** Appellant's second assignment of error states:

**{¶36}** "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT HELD THAT APPELLANT'S ABSENCE DURING THE PENDENCY OF THE CASE FRUSTRATED A SETTLEMENT, IMPEDED THE PROMPT, EFFICIENT ADMINISTRATION OF JUSTICE, AND DRAMATICALLY INCREASED THE ATTORNEY FEES SOUGHT BY APPELLANT'S LAWYER."

**{¶37}** Appellant argues that the factual findings made by the trial court lack any support in the record.

**{¶38}** Since the trial court failed to properly set out how it reached its fee award, the issue presented here is not ripe for determination.

**{¶39}** We must also mention that appellee raises an "assignment of error." It asserts that because appellant's counsel works for North East Ohio Legal Services (NEOLS), she was not entitled to any fee award. It argues that NEOLS failed to demonstrate that it is entitled to accept fee generating cases.

**{¶40}** Pursuant to App.R. 3(C), a party "who intends to defend a judgment * * * and who also seeks to change the judgment * * * shall file a notice of cross appeal within the time allowed by App.R. 4." Appellee did not file a notice of cross appeal in this case. Consequently, appellee may not make any arguments in this appeal that would change the trial court's judgment. See, *Harper*, 2008-Ohio-6921, ¶51.

**{¶41}** For the reasons stated above, the trial court's judgment is hereby reversed and remanded. On remand, the trial court should set forth its methodology in determining the amount of attorney fees with sufficient specificity so as to satisfy the criteria contemplated by *Bittner*.

Waite, P.J., concurs.

DeGenaro, J., concurs.